### JACOB RHAM *against* JOHN NORTH.

A sale under an Orphan's Court order may be proved by parol evidence, and a return
of the sale may be made after the next Orphan's Court. Administrator's should be-
gin the sale on the day appointed by the order, but may adjourn it.
They cannot sell to themselves.

DEBT on articles of agreement, dated 10th June 1785, for the pen-
alty.

The plaintiff, together with Michael Rham his brother (since deceased)
agreed to sell to the defendant certain lands, in consideration of 1400*l*.
It was stipulated, that the defendant should pay the sum of 70*l*. on the
10th July following, and then possession should be delivered to him.
That he should further pay 330*l*. on the 1st May 1786, and the re-
mainder of the consideration money in annul payments of 100*l*. each.
That a good deed should be made to the defendant under an order of
Orphan's Court, on the 1st May 1786, at which time he should give
his obligations, with security for the instalments.

An order of Orphan's Court, made at Lancaster on the 24th March
1785, was produced, whereby Michael Rham and Jacob Rham, as ad-
ministrators of Melchior Rham, their father, were impowered to sell
the lands on the 26th April following, at 2 o'clock in the afternoon, to
enable them to pay debts and maintain the children of the intestate.

No return of the sale was directed by the order, nor had any return.
been made to the Orphan's Court; but it appeared in the close of the
cause, that the premises were struck off to the administrators. Evi-
dence was given of one advertisement being put up at a public house,
but it was not ascertained by whom it had been subscribed.

The defendant showed in evidence three receipts for monies paid by
him from 28th June 1785, to 11th June 1786, for 102*l*. 15*s*. and
contended, that it was necessary a return should be made under the
order of Orphan's Court, whereon to ground the deed to be made to
the defendant, and that the sale by the administrators could be proved
in no other mode, than by the medium of the return on record.

He further insisted, that it was incumbent on the plaintiff to
have executed the conveyance to the defendant and tendered it.
If under the articles, this was not a condition precedent on the
part of the plaintiff, it was at least a concurrent act, and the

plaintiff must show his performance literally and substantially before he can entitle himself to the penalty. H. Black. 270, 274, 278, and 4 Term Rep. 761, were cited.

To this it was answered, that the sale by the administrators was capable of proof by parol evidence, and that the stipulation to pay 330*l.* was an independant covenant; but if otherwise, the inability of the plaintiff to make the deed, arose from the non-performance of the defendant. Dougl. 665, and 1 Ld. Raym. 124, were cited.

Yeates, J. had been retained in the cause, while at the bar.

Smith, J. The proceedings of the Orphan's Court are presumed to be regular. A return of sale under their order at the ensuing court is the general practice, but for some reasons, it has not been pursued in the present instance; and I find on inquiry, this is not a singular case in Lancaster county. The act of 4 Annæ directs, that the administrator shall bring his proceedings to the next Orphan's Court after the sale made. The words of the law appear only directory; and I see no reason why a regular fair sale may not be returned at another court. No injury is done thereby.

Parol evidence may be given of a sale under an order of Orphan's Court without a return made thereon. Until the vendee has complied with his contract, it may be imprudent in many instances to have the sale confirmed. Writs of *venditioni exponas* are returnable on days certain, yet a sale of lands by virtue of a *venditioni* is good though the writ be not returned. Under an order of Orphan's Court, impowering an administrator to sell lands, he should begin the sale on the day affixed by the court, and may afterwards adjourn it, but not beyond the day of the succeeding court.

The objection made, that this was an independent covenant on the part of the plaintiff, does not seem to hold since the passing of the defalcation act. But the plaintiff ought to have proved, that he had put up proper advertisements, signed by the clerk of the Orphan's Court. There is yet another incurable defect in his case. The administrators could not sell to themselves; it was a mere nullity. They had a special authority which ought to be strictly pursued. The title could only be derived through the intervention of a third person.

The plaintiff suffered a nonsuit.

Messrs. Ingersoll and C. Smith, *pro quer.*
Messrs. Duncan and Montgomery, *pro def.*