## Mengel, Appellant, *v.* Williamson.

*Deed—Covenants—Warranty of title and seizin—Damages—Measure of damages—Burden of proof.*

1. In the absence of fraud, the measure of damages for breach of warranty of title or seizin as to part only of the land conveyed is the "relative value" which the part bears to the whole, and this is to be estimated with regard to the price fixed by the parties for the whole.

2. In such a case it is competent to prove that the part to which the title has failed was of greater or less value than the part actually conveyed, and the correct measure of damages is the value of the part taken in proportion to the value of the part which the vendee gets, the computation being on the basis of the purchase money. Under this rule either party may show peculiar advantages or disadvantages of the part for which the title failed, but this does not permit evidence of the value of the bargain. The burden of proving the relative value of the part to which the title fails rests on the vendee.

Argued Dec. 5, 1911. Appeal, No. 97, Oct. T., 1911, by plaintiff, from judgment of C. P. Northampton Co., Sept. Term, 1910, No. 69, on verdict for plaintiff in case of Robert W. Mengel v. Peter Williamson. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, BEAVER and PORTER, JJ. Affirmed.

Assumpsit for breach of warranty. Before STEWART, J.

The court charged as follows:

Gentlemen of the jury: This case has taken somewhat of

a peculiar turn.  As the court understands the law, the rule of damages in a case of this kind has been determined way back in the case that is reported in 4 Dallas, 442, a case of Bender against Fromberger, and it has been referred to in a number of cases.

[The rule would be to ascertain the value of the property which in this case is known as the "deficiency" and then ascertain the value of the remaining property and determine what the proportion between the property which is spoken of as the "deficiency," A-B-C-D, and the remainder of the property, which would be the hotel and the other buildings, was, find out what that was by the testimony of witnesses, and if it should prove that it was one-twelfth, then take what Mr. Mengel paid Mr. Williamson, or take it as it might be reduced by the testimony in reference to the Nazareth property, and divide that by twelve; or, if you found that the deficiency was only one-fiftieth, that was the proportion, then divide it by fifty and that would be the judgment which you would render in the case, if the case had been tried upon that theory. That would require evidence, so that you would have something to go by as to the value of that which is spoken of as the "deficiency," which Robbins gets, and that which Mr. Mengel still has; and that evidence, as the court understands the law, must be supplied to you by the plaintiff in the case, together with evidence as to the value of the remaining part.] [1]

[The learned counsel for the plaintiff contends that all you have to do is to take the acreage as you find it in the deed, which is, I believe, three acres, 125 perches, more or less, and then take this acreage in the tract A-B-C-D, which is forty-three and six-tenths perches, and divide the three acres and 125 perches by forty-three and six-tenths perches, and then when you get that result, divide that into what Mengel paid Williamson; and he contends that it is a fixed rule for the measure of damages, so that if there was a deficiency he would get exactly the same amount, whether the deficiency existed with reference to

the land covered by the hotel or whether it existed with reference to the land on which corn was grown, which is the testimony with reference to this piece of land.  Now, I do not understand the law as being that way; and there being no evidence in this case as to the damages, I instruct you that if there was a deficiency in this case, and there being no question of fraud, that if you find there was this deficiency of forty-three and six-tenths perches and that Mr. Mengel has been deprived of it and evicted by Mr. Robbins in the cultivation of this property, find those facts, then you should render a verdict in favor of the plaintiff for what are called nominal damages, and that would be six cents.]  [2]

Verdict and judgment for plaintiff for six cents.  Plaintiff appealed.

*Errors assigned* were (1, 2) above instructions.

*C. F. Smith,* of *Smith, Paff & Laub,* for appellant.—The measure of damages in this state on a broken covenant for title where there has been no fraud is the proportion of purchase money lost by failure of title, with interest thereon from the date of the deed: Doyle v. Brundred, 189 Pa. 113; Fuller v. Mulhollan, 40 Pa. Superior Ct. 257.

*H. M. Hagerman,* for appellee, cited: King v. Pyle, 8 S. & R. 166; Hankins v. Majors, 56 Neb. 299 (76 N. W. Repr. 544); Griffin v. Reynolds, 58 U. S. Sup. Ct. 609; Lee v. Dean, 3 Whart. (Pa.) 316; Fulweiler v. Baugher, 15 S. & R. 45; Beaupland v. McKeen, 28 Pa. 124; McNair v. Compton, 35 Pa. 23; Terry v. Drabenstadt, 68 Pa. 400; Tyson v. Eyrick, 141 Pa. 296; Fuller v. Mulhollan, 40 Pa. Superior Ct. 257.

OPINION BY RICE, P. J., April 23, 1912:

In the absence of fraud, the measure of damages for breach of warranty of title or seisin as to part only of the land conveyed is the "relative value" which the part

bears to the whole, and this is to be estimated with regard to the price fixed by the parties for the whole. That this is the general rule established by the cases is shown by Judge HENDERSON's opinion in Fuller v. Mulhollan, 40 Pa. Superior Ct. 257, and is not disputed here. But it is argued that where the covenantee has shown the area of land attempted to be conveyed, the area of the part as to which the title failed, and the consideration for the whole, he has made out a prima facie right to recover back such proportion of the whole consideration as the area of the part bears to the whole quantity of land paid for. There would be convenience, and, perhaps, plausibility in presuming, in the absence of any evidence on the subject, that the part was equal in every respect to every other part containing the same area, and therefore in applying the rule contended for. But, be that as it may, there can be no such presumption, when it would be contrary to the facts of the case. Thus it appeared here that the land described in the deed as containing three acres and 125 perches was divided by an alley running north and south, that the land, or part of it, on the west side of the alley, was laid out in building lots and used for agricultural purposes, that the part to which title failed, containing 43.62 perches, was on that side of the alley; and that on the other side, at the corner of two public highways, was a valuable hotel building comparatively new. As the learned judge pointed out in his charge, the application of a rule for the measure of damages whereby the plaintiff would "get exactly the same amount, whether the deficiency existed with reference to the land covered by the hotel or with reference to the land on which corn was grown," cannot be the true rule. The unreasonableness of such a rule was very clearly shown in the illustration given by Chief Justice KENT in Morris v. Phelps, 5 Johns. 49, and quoted by Justice KENNEDY in Lee v. Dean, 3 Whart. 316. "Suppose a valuable stream of water, with expensive improvements upon it, with ten acres of adjoining barren land, was sold for $10,000; and it should afterwards appear

that the title to the stream with the improvements on it failed, but remained good as to residue of the land, would it not be unjust that the grantee should be limited in damages, under his covenants, to an appointment according to the number of acres lost, when the sole inducement was defeated, and the whole value of the purchase had failed? So, on the other hand, if only the title to the nine barren acres failed, the vendor would feel the weight of extreme injustice, if he was obliged to refund nine-tenths of the consideration money." In reason, and under all the authorities from Lee v. Dean and Beaupland v. McKeen, 28 Pa. 124, to Fuller v. Mulhollan, 40 Pa. Super. Ct. 257, it is competent to prove that the part to which the title has failed was of greater or less value than the part actually conveyed, and the correct measure of damages is the value of the part taken in proportion to the value of the part which the vendee gets, the computation being on the basis of the purchase money. Under this rule, either party may show peculiar advantages or disadvantages of the part for which the title failed, but this does not permit evidence of the value of the bargain. In the absence of fraud the consideration fixed by the parties limits the amount of recovery whether the contract be executed or executory.

The principle is the same whether the comparative advantages and disadvantages are shown by the defendant or are brought out in the presentation of the plaintiff's own case as they were here. In view of these facts the court was right in holding that the burden of proving "the relative value" of the part to which title failed rested on the plaintiff and that in the absence of evidence from which that fact could be found he could only recover nominal damages.

The assignments of error are overruled and the judgment is affirmed.