## Handley's Estate.

*Trusts and trustees—Decedents' estates—Wills—Specific direction in will to sell—Election to take in kind.*

1. A specific direction in testator's will to sell real estate is controlling.

2. Decedent gave his residuary estate to a foreign charitable corporation and directed his executors to rent the real estate for twenty years and at the end of that period to sell.  *Held,* that such charitable corporation could not restrain the executors of the will from selling at the end of the period or compel a conveyance of the real estate to them in kind.

Argued Feb. 25, 1916.  Appeal, No. 39, Jan. T., 1916, by the Handley Board of Trustees, from decree of O. C., Lackawanna Co., Series A, No. 692, dismissing petition for an injunction and for an order to convey real estate to petitioners, in Estate of John Handley, Deceased.  Before BROWN, C. J., MESTREZAT, POTTER, MOSCHZISKER and WALLING, JJ.  Affirmed.

Petition for an injunction and for a rule to show cause why certain real estate of decedent should not be conveyed to petitioners.

SANDO, P. J., filed the following opinion:

This is a proceeding brought by the residuary legatee under the will of the testator, to compel the executors to turn over to said legatee, without conversion, certain real estate, the proceeds of a sale of which it is entitled to receive under the terms of the will; also for a restraining order preventing the sale of the same by the executors; and, for a citation directed to the executors to file their final accounts both as executors and trustees.

John Handley died on the 15th day of February, 1895, leaving a last will and testament dated the 29th day of December, 1890, together with a codicil thereto dated July 31, 1893, which will and codicil were duly admitted to probate by the register of wills in and for Lackawanna County on February 18, 1895, and letters testamentary thereon were duly granted to Henry W. Palmer, Lemuel Amerman and John T. Richards. By virtue of several grants of letters testamentary, John T. Richards, L. A. Watres and Mary L. Trescott are now acting as executors of the testator's will.

By the terms of his will he disposed of his entire estate. The specific bequests have all been paid with the exception of a small amount due on the bequest to the City of Winchester for the Handley Library; and an annuity of one thousand dollars ($1,000.00) per annum payable in monthly installments to Annie Hafey during her natural life. He disposed of the residue of his estate in manner following:

"Item. All the rest and residue of my estate I give, devise and bequeath to the City of Winchester, Virginia, to be accumulated by said city for the period of twenty years, the income arising from said residue estate to be expended and laid out in said city, by the erection of schoolhouses for the education of the poor."

The testator directed his executors to sell his real estate, the language of the will being as follows:

"Item. I order and direct and I hereby empower my executors or their successors to convey and sell my real

estate at the end of twenty years, at public or private sale for the highest price that may be obtained for the same, and to make and execute deed or deeds to the purchaser or purchasers thereof said deeds to have the same form (force) and effect as if made by order of the Orphans' Court after sale had according to law."

The General Assembly of the State of Virginia passed two acts of assembly (February 4, 1896, and February 6, 1904), incorporating the petitioner, under the corporate title of the "Handley Board of Trustees" for the purpose of taking the property and administering the trust. Under these statutes the petitioner became the substitute for the City of Winchester in all matters relating to the administration of the trust. That the petitioner is legally entitled to take the residuary estate was decided in Handley v. Palmer, 103 Fed. Repr. 39.

The real estate, by the terms of the will, is devised to the City of Winchester. By the express direction and order of the testator the real estate at the end of twenty years, is to be sold by the executors or their successors.

The petitioner claims a right to take land (the proceeds of the sale of which are given it by the testator's will), as land, instead of money.

By the settled law of Pennsylvania, the power of sale given to the executors is mandatory and worked an equitable conversion of the testator's real estate into personalty: Dundas's App., 64 Pa. 325; Roland v. Miller, 100 Pa. 47.

Although the will of the testator has worked an equitable conversion of the real estate, the parties interested in the proceeds thereof may, by request lodged with the executors, elect to take the land rather than the proceeds thereof. This rule of law was affirmed in the recent case of Harrar's Est., 244 Pa. 542.

The main question involved in this proceeding is whether the petitioner is entitled to take the testator's Scranton real estate in kind.

The petitioner is a trustee with certain specific duties

to perform in a certain prescribed way, and has no authority as such trustee to reconvert the corpus of the estate into real estate. The right of reconversion exists only, in all the persons beneficially interested in the estate; it does not exist in the holder of the legal title.

The will of the testator created a specific trust, naming the City of Winchester as trustee and the poor of the City of Winchester as the cestuis que trustent. In effect the petitioner is asking the court to sanction an investment in land contrary to the terms of the will and contrary to the general policy of the law.

Where a trustee is directed by will to invest a fund in "some good, secure, and profitable" stocks or other securities, he must implicitly comply with his instructions, or make the investment under the direction of the Orphans' Court in the stocks and securities prescribed by the Acts of Assembly: Ihmsen's App., 43 Pa. 431.

Reconversion of an estate into realty must be made by the persons holding the entire beneficial estate, that is to say all of the cestuis que trustent and the persons beneficially interested must be sui juris. The election must be made by all the parties beneficially entitled. If it is not made by all, it is nugatory: Willing v. Peters, 7 Pa. 287; Evans' App., 63 Pa. 183.

Under the authorities in Pennsylvania, it is only the beneficiaries—all the beneficiaries, who have the right to reconvert, and then only if they are sui juris. No authority has been cited to us to sustain the proposition that a trustee has power to reconvert.

In Horne's Est., 28 Pitts. L. J. 443, the court held in the words of the syllabus that "where a testator directed his estate to be converted into cash and invested in real and personal securities, the trustee has no power to reconvert." In this case the court used this language: "this testator having prescribed the character of the investment which he wished made, this was the law of the trust for whose breach the trustee must answer to his cestuis que trustent."

A reconversion cannot be permitted in the present case, because the instrument creating the trust expressly directs that the trust estate be invested in a certain way.

The will of the testator provides as follows in reference to the investment of the trust money:

"All trust money mentioned in this my will shall be invested by my executors or the directors or trustees of the corporations named, and the City of Winchester in United States registered bonds unless otherwise named and directed in this my last will."

The doctrine of equitable reconversion cannot be applied to the case at bar for the reason that neither the City of Winchester, Virginia, a municipal corporation of that state, nor the Handley Board of Trustees, a corporation created by special act of the Legislature of Virginia to administer the trust, has legal power or authority to hold or convey title to real estate situate in the State of Pennsylvania.

The petitioner is expressly prohibited by the Act of April 26, 1855, P. L. 328, Section 5, from acquiring or holding any real estate in Pennsylvania.

The general prohibition of this statute has been modified by statutes enacted from time to time creating exceptions to the general rule that a foreign corporation cannot acquire or hold title to real estate in Pennsylvania, for the benefit of certain kinds of foreign corporations; but there is no statute which excepts a foreign municipal corporation or a foreign charitable corporation like the petitioner from the prohibition of the Act of April 26, 1855.

In order to have a reconversion of the real estate, it is necessary that the person seeking to reconvert be a person sui juris and entitled to take title to the real estate in question as grantee or donee, because the whole theory of reconversion is based upon the proposition that the beneficiary is the purchaser of the real estate. In Burr v. Sim, et al., 1 Whart 252, the beneficiary is shown to be the purchaser in law, as well as in technical fiction and

that he takes a new and independent title as a purchaser. He is not a devisee under the will of the title to the land, but is considered such purchaser of such title from the person having the power of sale. It follows, therefore, that when the person seeking to reconvert is legally unable to hold title, he is likewise unable to take advantage of the fiction of reconversion.

Whether the application for reconversion be made by the City of Winchester directly, or by the special charitable corporation presenting the petition in this case, is immaterial, because in case of either of these corporations there is no power to acquire or hold real estate in this Commonwealth.

The Act of June 8, 1891, P. L. 211, Sec. 1, permitting foreign charitable corporations to hold real estate for five years does not apply in the case at bar. The provisions in this act that real estate so devised must be sold within five years precludes the operation of the doctrine of equitable conversion in the present case.

The City of Winchester is not a devisee of real estate under the will of the testator. It is a legatee of the fund of money to be realized from the sale of certain real estate after the executors and trustees named in the will have converted that real estate into money. According to the terms of the will there is no vesting of title to said real estate in Pennsylvania, in the City of Winchester.

When a reconversion is ordered the beneficiary takes not by virtue of the original will but by virtue of the equitable doctrine of reconversion, as a purchaser from the executors or other persons entrusted with the power and duty of making the sale. The Act of 1891, therefore, can be of no assistance to the petitioner.

The Handley Board of Trustees is not entitled to have a reconversion of the real estate because it is a foreign corporation disqualified under the laws of the Commonwealth of Pennsylvania from acquiring or holding title to real estate in Pennsylvania.

The petitioner asks that the executors be required to file their final account as executors.

Under the facts, and admissions of the respondents there is no ground shown for the extension of the period for the settlement of the executors' account, as executors, beyond the period fixed for closing up the entire administration of his estate by the testator.

The only duty left to the executors, not wholly provided for, is that of making provision for the annuity of one thousand dollars ($1,000.00) per year for her natural life, to Annie Hafey, which can be done by purchasing an annuity or setting apart a fund, the income of which will provide for it.

The executors should convert the personal assets or turn over such as are not converted in kind, and file their final account as executors.

The court dismissed the petition. The Handley Board of Trustees appealed.

*Error assigned* was in dismissing the petition.

*George Wharton Pepper,* with him *Robert Y. Conrad, Wm. B. Bodine, Jr.,* and *William Jessup Hand,* for appellant.

*F. W. Wheaton,* with him *L. H. Watres* and *Everett Warren,* for appellees.

Per Curiam, March 20, 1916:

Nothing was shown in the court below calling for any interference with the direction of the testator as to what shall be done with his real estate. To have granted the first and third prayers of the petition of the Handley Board of Trustees would have been, as learned counsel for appellees well contend, "a substituted method" by the court for the disposition of the real estate of the deceased. His direction as to what is to be done with it, as found in the thirteenth clause of his will, is controlling, and his intention, as therein expressed, is not to be thwarted by any one.

Decree affirmed.