Herbert v. Northern Trust Co., Adm'r, Appellant.

*Evidence—Identity of name—Presumption.*

1. Where the name of a grantor in a deed is the same as that of a defendant in a proceeding to foreclose a mortgage on the land conveyed, there is a presumption of identity of person.

*Executors and administrators — Purchase by administrator at sheriff's sale—Validity of title—Voidable transaction.*

2. A purchase of real estate by an administrator at sheriff's sale, is not a void transaction, but voidable only, at the instance of a party in interest.

*Deed—General warranty—Evidence—Foreign records — Breach of warranty—Eviction—Presumption.*

3. Where a grantor conveys land in another state by deed of general warranty, and the land is conveyed by general warranty to three successive grantees, the last of whom is evicted, and recoveries are had in the other state by each grantee against his grantor, without the original grantor being made a party, the records of such suits are prima facie evidence in an action against the original grantor by his grantee, that recovery had been obtained against the succeeding grantees because of a breach of warranty, and of the amount of the recovery; but they would not be conclusive unless the warrantor was called in to defend.

4. In an action for breach of a general warranty, where an eviction is set up as the basis for the suit, it must appear, either actually or constructively, that the eviction was a result of some defect of title.

5. In such case, an eviction is shown, where it appears that a tenant was in possession under a grantee's predecessor in title, that the tenant attorned to the grantee, and that the land was sold at sheriff's sale. The presumption is that, in the absence of proof that the purchaser actually entered, possession by the purchaser accompanied the title.

*Deed—Covenant by warranty—Breach—Eviction—When right of action accrues—Damages.*

6. In case of covenant of warranty, the right of action commences when the eviction, actual or constructive, takes place, and such covenant protects when this event occurs, though the lien was in existence when the conveyance was made.

7. The mere existence of a lien gives no right of action, but if a judgment in foreclosure is recovered, the covenantee, for his protection, may pay the amount due and recover under the warranty within the limits prescribed in such actions.

8. A warrantee can recover, in case of eviction, actual or constructive, what he himself has lost, so long as the same is not more than the purchase price paid by himself to the warrantor.

Argued January 6, 1921. Appeal, No. 44, Jan. T., 1921, by defendant, from judgment of C. P. No. 1, Phila.

Co., Dec. T., 1916, No. 2453, on verdict for plaintiff, in case of Townsend Herbert v. Northern Trust Co., Adm'r c. t. a., of estate of George Kunzmann, deceased. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit for breach of general warranty in deed. Before PATTERSON, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $2,590.83. Defendant appealed.

*Errors assigned* were various rulings and instructions, appearing by the opinion of the Supreme Court.

*Wm. Clarke Mason,* for appellant.—In none of the causes was Kunzmann brought in as a party, and even in the suit in which Townsend Herbert was defendant no notice was given by him to Kunzmann of the demand made, and no opportunity given to Kunzmann to defend. If it was his intention to claim reimbursement from Kunzmann it was his duty to defend, or to give Kunzmann notice to defend. He did neither, and his failure to do so bars a recovery: Paul v. Witman, 3 W. & S. 407; Knepper v. Kurtz, 58 Pa. 480; Noble v. Oil Co., 79 Pa. 354.

The cause of action must fail because the Kunzmann deed, being a deed of general warranty, and there being no proof of an actual eviction, the cause is without foundation: Paul v. Witman, 3 W. & S. 407; Knepper v. Kurtz, 58 Pa. 480; Williams v. O'Donnell, 225 Pa. 321; Strong v. Nesbitt, 267 Pa. 294.

*Otto Wolff, Jr.,* with him *Lewis, Adler & Laws,* for appellee.—An eviction was shown: Knepper v. Kurtz, 58 Pa. 480; Stewart v. West, 14 Pa. 336; Clarke v. McAnulty, 3 S. & R. 363; Patton v. McFarlane, 3 P. & W. 419; Dobbins v. Brown, 12 Pa. 75; Wilson v Coch-

ran, 46 Pa. 229; Chambers v. Reinhold, 33 Pa. Superior Ct. 266.

Even if Kunzmann were not a party to the proceeding, and had no notice of it, the decree entered by the chancellor would have been admissible, nevertheless, as prima facie evidence that the mortgage therein referred to, was a title paramount to that conveyed by defendant's decedent to plaintiff: Collingwood v. Irwin, 3 Watts 306; Paul v. Witman, 3 W. & S. 407.

The fact that Smith may have yielded possession to her voluntarily, is likewise immaterial, since he was not obliged to resist her right and suffer himself to be evicted by legal process or physical force: Yost v. Brown, 126 Pa. 92.

The rule as to damages was properly stated: Doyle v. Brundred, 189 Pa. 113; Cox v. Henry, 32 Pa. 18; Fuller v. Mulhollan, 40 Pa. Superior Ct. 257; Mengel v. Williamson, 50 Pa. Superior Ct. 100.

That plaintiff had a right of action for the money paid by him to discharge No. 6 North Rhode Island Avenue from the lien of the mortgage, is clear: Chambers v. Reinhold, 33 Pa. Superior Ct. 266; Brown v. Dickerson, 12 Pa. 372; Wilson v. Sale, 41 Pa. Superior Ct. 566; Einfeld v. Shermer, 56 Pa. Superior Ct. 4.

OPINION BY MR. JUSTICE SADLER, February 14, 1921:

George Kunzmann purchased at sheriff's sale, in 1897, three tracts of land, located on Rhode Island avenue, in Atlantic City. At that time, two of the lots, numbers 6 and 8, were subject to a mortgage, which had been held formerly by Townsend Herbert, but assigned, in 1893, to one Ringe. On August 31, 1897, Kunzmann conveyed, by deed of general warranty, the three tracts to Townsend Herbert, the present plaintiff. He later conveyed lot number 8 to Julia Herbert, who in turn conveyed to Charles F. Wahl, who sold to Harper B. Smith. Subsequently, in 1912, a decree of foreclosure of the mortgage assigned to Ringe was entered, after due proceedings in

the Court of Chancery of New Jersey, and the same was adjudged a first lien on the two lots which had been included in the conveyance from Kunzmann to Herbert.

One of the tracts, number 8, which, through various conveyances, had passed to Smith, was sold by the sheriff to the administrator of Ringe, who, however, assigned his bid to one Margaret T. Sharp, to whom the land was confirmed and deed made. She took possession of the property, and has lived in it since that time. In the foreclosure proceeding, Kunzmann was named as a party and appeared, filing an answer. Subsequently, his counsel joined in an agreement consenting to the decree of foreclosure entered.

In 1915, Smith, having been evicted as a result of the sheriff's sale, instituted proceedings in the New Jersey courts to recover on his covenant of general warranty against Wahl; and the recovery of $1,573.71, with interest from September 25, 1912, was affirmed by the court of appeals of that state. Wahl then brought suit for like amount against his grantor, Julia Herbert, who, in turn, recovered from Townsend Herbert, the present plaintiff. The latter then instituted this action against the estate of Kunzmann to recover the amount which he had been compelled to pay. In addition, he asked reimbursement for the sum required to satisfy the balance of the mortgage, which was, by decree of the court, a lien against lot number 6, included in his deed, which mortgage was a claim at the time of the conveyance to him. The various questions involved were submitted to the jury, and a verdict rendered for the plaintiff. The appeal from the judgment entered thereon brings the matter here for consideration.

Assignments one, two, eleven, twelve and fourteen are directed to alleged errors committed in the admission of the records of the courts of New Jersey, showing the foreclosure proceedings, as a result of which the eviction of Harper Smith was secured. It is first insisted that though a person by the name of George Kunzmann

was served, appeared in the foreclosure proceedings, and consented, by counsel, to the decree, yet there was no adequate proof that this was the same individual as the grantor in the deed to the plaintiff in the present case. The names are the same, and there is a presumption from this fact of identity of person: 19 R. C. L. 1332. The bill of complaint filed in that case showed that the George Kunzmann, recited therein, was the person who had conveyed to Townsend Herbert the properties referred to in the mortgage foreclosed, and there can be no question that the present defendant's decedent is the same person.

The foreclosure proceeding is objected to on another ground, in that the purchaser at the sale was the administrator of the holder of the mortgage, and it is averred that acting, as he was, in a fiduciary capacity, he could not acquire title, and that his purchase was a nullity. This is not the law. It was said, in an early case in Pennsylvania, that, under such circumstances, a trustee could acquire title only through the intervention of a third party: Rham v. North, 2 Yeates 117. The rule is well established, not only in Pennsylvania, but in New Jersey, that such a transaction is not void; it is merely voidable at the instance of one in interest: Painter v. Henderson, 7 Pa. 48; Beeson v. Beeson, 9 Pa. 279; Musselman v. Eshleman, 10 Pa. 394; Obert v. Obert, 10 N. J. Eq. 98; Huston v. Cassedy, 13 N. J. Eq. 228. The assignments relating to these matters are, therefore, overruled.

The admission in evidence of the records of the subsequent suits in New Jersey, by which each grantee in turn recovered from his grantor, back to and including the present plaintiff, is complained of in assignments three, four, five and eight; but they cannot be sustained. In the proceedings in these cases no appearance was entered for Kunzmann, and neither he, nor his estate, was concluded thereby. The records of the foreign state are, however, prima facie evidence of the fact that recovery

had been obtained against the succeeding grantees because of a breach of warranty, and of the amount of such recovery: Coursin v. Pennsylvania Ins. Co., 46 Pa. 323; Lothrop v. Blake, 3 Pa. 483. Such proof was receivable for the warrantee, though it furnished only prima facie evidence, which would not be conclusive unless the warrantor was called in to defend: Paul v. Whitman, 3 W. & S. 407; Knepper v. Kurtz, 58 Pa. 480.

The ninth and tenth assignments are directed to the charge of the court, bearing on the question of eviction, a fact which must appear, either actually or constructively, as a result of some defect of title, before a recovery is warranted: Strong v. Nesbitt, 267 Pa. 294; Williams v. O'Donnell, 225 Pa. 321. There was evidence in the present case that Harper B. Smith was ousted from number 8, Rhode Island avenue. A tenant was in possession under his predecessors in title, and this lessee attorned to him at the time of his purchase. This holding was followed by that of Margaret Sharp, the sheriff's grantee in the foreclosure proceeding. Smith presumably continued in possession, to which he had the right as owner of the fee until the sale, and Margaret Sharp entered as the result of the title which she received. The presumption is that possession accompanied the title: Yost v. Brown, 126 Pa. 92; Page v. Simpson, 172 Pa. 288. This change, as a result of the foreclosure proceeding, constituted an eviction, which fixed the right to recover from the warrantor.

Assignments six and fifteen refer to evidence offered and instructions of the court concerning an alleged voluntary payment made by Herbert to secure the release of the balance of the mortgage found by the Chancery Court of New Jersey to be a lien upon one of the tracts of ground conveyed by Kunzmann, known as number 6, and which had not been continued in the line of grants to Smith, as in the case of number 8.

The deed from Kunzmann was one of general warranty. This implied that the grantor had not done any

act, or created any encumbrance, whereby the estate granted by him could be defeated: Knepper v. Kurtz, 58 Pa. 480. It differs from a covenant against encumbrances, which does not run with the land, and which is broken at once if encumbrances exist when the deed is made. In case of covenant of warranty the right of action commences when eviction, actual or constructive, takes place, and such covenant protects when this event occurs, though the lien was in existence when the conveyance was made: Williams v. O'Donnell, 225 Pa. 321. The mere existence of a judgment or mortgage gives no right of action to the grantee (7 R. C. L. 1152), but, if a foreclosure follows, the contrary is true; and, if a judgment in foreclosure is recovered, the covenantee, for his protection, may pay the amount due and recover under the warranty within the limits prescribed in such actions: 7 R. C. L. 1152. This principle has clear recognition in Pennsylvania. In Knepper v. Kurtz, 58 Pa. 480, it was distinctly stated, in the opinion of the court below, that there was a right to pay where suit was not only threatened, but was further proceeded with to the point of judgment. In such case, an action under the covenant could be maintained, for the warrantor could be called in, and have an opportunity to defend against the entry of such judgment; if he was not called in, the judgment would not be conclusive, and he would still have an opportunity to show why he should not pay in the suit brought against him. As was said by the court below in that case, the covenantee would not be compelled to submit, after judgment recovered, to the "ceremony of actual dispossession," before bringing his suit.

In the present case, the decree of foreclosure has been regularly entered by a court of competent jurisdiction, in a proceeding in which Kunzmann appeared as a party defendant. The exact sum due was found, and execution issued against one of the tracts. The return of the sheriff, approved by the court, showed the balance remaining to be paid, which continued a lien on the second tract;

and the payment of such balance was made to prevent a sheriff's sale, according to the plaintiff's amended statement—which, however, was not offered in evidence to show this fact, notwithstanding the failure of the defendant to make proper denial: Eberbach v. Clyde Steamship Co., 74 Pa. Superior Ct. 79. But there is sufficient to establish this in the docket entries of the Chancery Court of New Jersey; they show execution issued after the sale of the first property, which writ was outstanding at the time payment was made by Herbert. Under these circumstances, the action of the covenantee was justified, a constructive eviction being shown, and the court below properly permitted the jury to consider, as an item of damage, the sum so paid.

An examination of the charge as a whole will show that the rules established for the determination of damages, in cases such as the one before us, were complied with. The warrantee can recover, in case of eviction, actual or constructive, what he himself has lost, so long as this sum is not more than the purchase price paid by himself to the warrantor. In the present case, the evidence shows the total consideration for the three lots was $5,600, and that they were approximately of the same value. The damages could not exceed in each case the relative value which that part bears to the whole, to be estimated with regard to the total price fixed by the parties: Mengel v. Williamson, 50 Pa. Superior Ct. 100. The consideration paid for the properties, 6 and 8, was for each, presumptively, one-third of the whole consideration, or $1,866.66, and the amount of recovery permitted was less than the amount of consideration paid.

The remaining errors complained of, except number seven which requires no special answer, relate to the refusal to give binding instructions for the defendant, and to enter judgment non obstante veredicto. The questions involved have been sufficiently discussed in con-

sidering the other assignments of error, and all are overruled.

The judgment of the court below is affirmed.