Nagle, Admrx., *v.* Fleming et ux., Appellants.

Submitted March 23, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SCHAFFER and MAXEY, JJ.

*L. E. Miller,* for appellants.

*Jack & Jack,* for appellee.

PER CURIAM, April 13, 1931:

This appeal was submitted to the court below and to us as a case stated.

John Nagle died in 1884 leaving real and personal property. His will and codicil provided: "It is my will that the house and lot I now live in shall be occupied by my wife so long as she remains my widow together with all my household furniture. And in the event of her death or marriage I authorize and empower my executor hereinafter appointed to sell the said house and lot and divide the proceeds share and share alike between my son John W. and my daughters Carrie and Sallie and my son John F. or the survivor of them; it is also my will that if my wife Mar , that the piano and organ that I now have shall given to my daughters Carrie and Sallie or the survivor of them I will and bequeath to my daughter Cordelia intermarried with Chester Fenstemaker four hundred dollars to be her full share of my estate. It is my will that my Executor sell all the real estate I may die possessed of when it is in his opinion for the advantage of my estate except the house in which I now live further it is my will that all my estate after paying my debts and funeral expenses and bequests heretofore made shall be paid shall be equally divided share and share alike between my son John W., my daughters Carrie and Sallie and my son John F., or the survivors of them and I do hereby nominate, constitute and appoint Martin F. Jamison of the Borough of Indiana executor......," Codicil: "It is my will that

three hundred dollars demised above to my daughter Cordelia intermarried with Chester Fenstemaker be equally divided between my son John W., my two daughters Carrie and Sallie and my son John F. and one hundred dollars shall—the full amount that my daughter aforesaid shall receive out of my estate. It is further my will that my Executor shall have erected at my grave a monument not to exceed in value two hundred dollars......"

Martin F. Jamison, subsequent to qualifying as executor, was discharged by the orphans' court and George W. Bodenhamer appointed administrator c. t. a. and who in turn was discharged as such administrator, and succeeded by Margaret Nagle, widow of testator, as administratrix d. b. n. c. t. a. The Fiduciaries Act of June 7, 1917, P. L. 447, 495, section 28(d) provides: "In all cases wherein testators shall have devised their real estate or any part to their executors to be sold, or shall have authorized or directed such executors to sell and convey such real estate......if one or more of such executors shall......be discharged, it shall be lawful for the surviving, acting, or remaining executor or executors, or for the administrator or administrators with the will annexed, if such there be......to sell and convey such real estate......, and otherwise act respecting the same as fully and completely as he or they, together with such......discharged coexecutor or coexecutors, would be empowered to do if there had been no......discharge; or, in the case of an administrator with the will annexed, as fully and amply as if all the executors named in the will had joined therein."

Parcels of testator's real estate were sold from time to time by the respective administrators and by beneficiaries. Following the practice previously adopted the property here in dispute was offered by the administratrix d. b. n. c. t. a. at public sale and sold to defendants for the sum of $7,000, $1,500 being paid by them on account of the purchase money. The administratrix later

tendered a deed with a demand for the balance of the purchase money, which was refused. Upon suit to recover the balance due, judgment under the case stated was awarded in favor of plaintiff by the court below, and defendants have appealed.

Defendants allege that plaintiff administratrix d. b. n. c. t. a. is without power to convey the real estate in question and accordingly unable to deliver a good and sufficient title to the property. Throughout their brief, defendants refer to the administratrix d. b. n. c. t. a. as a "substituted trustee," and base their argument on this contention, notwithstanding they cite section 28(d) of the Fiduciaries Act of 1917, above quoted, relating to executors and their successors and not to trustees, whose duties and powers are fixed by a different section of the act. In assuming this position, they are clearly in error, as no trust is involved in the explicit instruction contained in the will to the executor to sell the property, the proceeds derived therefrom to be merged in the estate and distributed as directed; and "it makes no difference whether the distribution is to be immediate or upon the expiration of a certain period of time.": Potts v. Breneman, 182 Pa. 295, 304, 305.

Appellants also argue that, there having been a conversion of the real estate by reason of the mandatory terms of the will of John Nagle, the conveyance of a portion of the property, not including that here in controversy, by distributees under the will, worked a reconversion as to the entire remainder, thereby preventing plaintiff, in her capacity of administratrix d. b. n. c. t. a. from delivering a good title to the property here in dispute. We agree with the court below that this position is not tenable for the reason that, to effect such a reconversion, all parties in interest must join in an unequivocal act to that end; an "election [to reconvert] must be made by all the parties beneficially entitled. If it is not made by all, it is nugatory": Handley's Est., 253 Pa. 119, 122. No such action was taken in the pres-

ent case, even to the extent of all joining in the sale of the particular property by which the reconversion is said to have been brought about.

The judgment of the court below is affirmed at appellants' costs.