Hadesty, Admr., Appellant, *v.* Hadesty.

Argued April 13, 1938.   Before KEPHART, C. J.,
SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Francis J. McCarthy,* with him *John V. McDonald* and *Roscoe R. Koch,* for appellant.

*Chas. E. Berger,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, June 17, 1938:

This is an action of assumpsit brought by the administrator d. b. n. c. t. a. of the estate of James M. Hadesty against Ella H. Hadesty to recover $33,000 which she received from the sale of real estate devised to her by her husband, P. Harry Hadesty. There are several obstacles to recovery by plaintiff.

The facts are not in dispute. The case was tried on admissions in the pleadings. No verbal testimony was offered on either side.

James M. Hadesty died testate March 10, 1903, seized of the property, the proceeds of the sale of which gives rise to this controversy. He left a widow and seven children. The widow can be disregarded, as she took only a life estate and has since died. The testator appointed his son, P. Harry Hadesty, and a daughter, Lucinda Jane, executors and authorized and directed them to sell his real estate at public or private sale. To his seven children he devised all his estate, real and personal, subject to provisions for the maintenance of his wife, who was weak minded. The share of one of the sons, Alfred, was not to be paid to him, but was directed to be invested, the income to be paid to him, remainder to his heirs. On May 10, 1904, James M. Hadesty, Jr., one of the children, his wife joining, conveyed his one-seventh interest in the property to P. Harry Hadesty in fee for a consideration of $250. June 1, 1904, Elizabeth

C. Hassler, another of the children, her husband join-
ing, in like manner conveyed her one-seventh interest to
P. Harry Hadesty for a consideration of $1,312.89. On
the same date, June 1, 1904, Rebecca D. Mackey, an-
other of the children, her husband joining, conveyed her
one-seventh interest to P. Harry Hadesty for like con-
sideration. December 5, 1904, George Hadesty, his wife
joining, conveyed his one-seventh interest to P. Harry
Hadesty for a consideration of $300. December 30,
1904, Alfred L. Hadesty, his wife joining, conveyed his
one-seventh interest to P. Harry Hadesty for a consid-
eration of $400. October 5, 1909, Lucinda Jane Hadesty
conveyed her one-seventh interest to P. Harry Hadesty
for a consideration of one dollar. December 12, 1905,
all of the heirs of Alfred L. Hadesty assigned their in-
terest in the estate of James M. Hadesty to P. Harry
Hadesty and in this paper granted to him all their right,
title and interest in the real estate. It will thus be seen
that all interests became vested in P. Harry Hadesty as
far as the grantors could vest them.

These deeds worked a reconversion of the interests
given by the will of James M. Hadesty into land. Deeds
from all the devisees under a will which works a con-
version is equivalent to an election by them to take the
land as such: *Beal v. Stehley,* 21 Pa. 376; *Howell v.
Mellon,* 189 Pa. 169, 42 A. 6. If a will directs land to be
converted into money, the parties entitled to the bene-
ficial interest may cause a reconversion of the property
and take it as land: *Beal v. Stehley,* supra; *Shallen-
berger v. Ashworth,* 25 Pa. 152; *Howell v. Mellon,* su-
pra; *Brandon v. McKinney,* 233 Pa. 481, 82 A. 764; *Mc-
Clarren's Est.,* 238 Pa. 220, 85 A. 1119; *Nagle v. Flem-
ing,* 303 Pa. 263, 154 A. 718. The effect of a reconver-
sion is to defeat an executor's power of sale: 2 Alexan-
der, Commentaries on Wills, 1175; 2 Page on Wills
(2d ed.), 1197, 13 C. J. 891. It likewise puts it out of
the power of plaintiff as administrator to maintain this
action. With the land as land he would have nothing

to do: *Herron v. Stevenson,* 259 Pa. 354, 102 A. 1049; *Kreise v. Cartledge,* 262 Pa. 55, 104 A. 855.

On April 12, 1916, P. Harry Hadesty and Lucinda Jane (Hadesty) Koons, as executors of James M. Hadesty, conveyed the premises for a consideration of one dollar to Alex. L. Oliver, who on the same day, reconveyed to P. Harry Hadesty individually. He died seized of the property on July 29, 1927. He devised his entire estate to his widow, Ella H. Hadesty. She, on September 24, 1927, sold the property to the Tamaqua National Bank for $33,000. It is to recover this purchase price that this action is brought by Stanley J. Hadesty, who was appointed administrator d. b. n. c. t. a. on April 31, 1931. Suit was begun on April 10, 1933.

It makes no difference so far as vesting title in P. Harry Hadesty is concerned whether he obtained it as a result of the conveyance by him and his co-executor to Oliver and the reconveyance by Oliver to him or whether it is treated as coming to him through the grants from his brothers and sisters and nephews and nieces heretofore recited. At the time of his death he unquestionably owned the property in fee.

Not only did Stanley J. Hadesty, the plaintiff, join with the other heirs of Alfred L. Hadesty, his father, in the grant to P. Harry Hadesty on December 12, 1905, but on March 31, 1917, after the conveyance of Oliver to P. Harry Hadesty, he, together with his mother and all the other heirs of Alfred L. Hadesty, in consideration of $400, paid to his mother and for other good and valuable consideration quitclaimed to P. Harry Hadesty all right, title and interest in the real estate of James M. Hadesty. All the debts of James M. Hadesty were paid by P. Harry Hadesty.

The argument of appellant is that a prima facie case of fraud on the part of P. Harry Hadesty arises out of the fact that as executor he brought about the conveyance of the property to himself. No evidence of fraud was offered and the sole basis for the allegation is be-

cause the property was conveyed to him. If answer is required, it is found in the deeds from all of the parties in interest to him. It is argued that these deeds also are fraudulent because full disclosure was not made by P. Harry Hadesty as executor of the value of the real estate and that the amounts paid to the respective grantors were inadequate. No evidence was given to establish a basis for this contention. None of the grantors is backing the allegations and so far as plaintiff is concerned he cannot be heard as administrator to impeach the grants. In addition, more than 21 years have elapsed since these grants were made and P. Harry Hadesty is dead. No challenge of the transactions was made in his lifetime. If plaintiff ever had a standing to assert the claim he now makes, laches bars it: *Riley v. Boynton Coal Co.,* 305 Pa. 364, 157 A. 794.

P. Harry Hadesty could acquire title in the way he did through Oliver, a third party. Such a conveyance is not void, it is only voidable: *Church v. Winton,* 196 Pa. 107, 46 A. 363; *Herbert v. Northern Trust Co.,* 269 Pa. 306, 112 A. 471.

The judgment is affirmed.