## Gemmel v. Unterberger

*John F. Stine*, for plaintiffs.

*Leonard M. Cohen* and *McFadden, Ruskin & Williams*, for defendants.

HENNINGER, P. J., April 30, 1963.—Plaintiffs, property owners, whose properties seem to abut on a Jefferson Street in the Borough of Catasauqua, have brought this action in equity against Edward Unterberger, original defendant, who is developing a tract of land recently acquired from additional defendant.

Plaintiffs complain that defendant is blocking Jefferson Street in which they have the right of passage and that his changing the contour of the land is compelling them to receive excess surface drainage.

Defendant has joined additional defendant averring that it deeded him the land, free and clear of any easement in Jefferson Street, although knowing of its existence.

Additional defendant has filed preliminary objections by way of demurrer for the reasons: (1) that

there are no facts pleaded establishing liability and; (2) that any breach of the special warranty in the deed from additional defendant to defendant's immediate predecessor in title is not the cause of action sued upon by plaintiff.

We are convinced that there is merit in the second reason above stated. We note at once that plaintiffs' complaint goes far beyond anything for which additional defendant could have any responsibility, specifically the complaint about the changes in contour and surface of defendant's land, producing an excessive flow of water upon plaintiffs' properties.

The measure of damages between plaintiff and defendant is entirely different from that between defendant and additional defendant. The court could compel defendants to remove the barriers (ground and rocks) to use of the street, whereas defendant's claim, if any, against his grantor would be for the difference in value of the ground as encumbered with an easement as against the value if the easement did not exist: Lee v. Dean, 3 Wharton 316, 332; Mengel v. Williamson, 50 Pa. Superior Ct. 100, 103.

Furthermore, the cause of action which defendant is stating is not the cause of action upon which he is being sued. The former is for breach of warranty; the latter for obstructing an easement. Plaintiffs could not recover from additional defendant, nor is additional defendant liable over to defendant upon plaintiffs' claims against defendant. See Pennsylvania Rule of Civil Procedure 2252(a), which reads:

"In any action the defendant or any additional defendant may file as of course a praecipe for a writ, or a complaint, to join as an additional defendant any person not a party to the cause of action who may be alone liable or liable over to him on the cause of action declared upon or jointly or severally liable thereon with him."

Additional defendant calls our attention to the words ". . . on the cause of action declared upon . . ." In Land Title Bank & Trust Company v. Cheltenham National Bank, 362 Pa. 30, Chief Justice (then Justice) Horace Stern stated (p. 41) :

"The rule in question, like the original Act of April 10, 1929, P. L. 479, which it replaced, was not intended to complicate legal proceedings by combining entirely separate causes of action in one suit; the cause of action as to which the original defendant may bring in an additional defendant must still be the cause of action declared on by the plaintiff in the action against the original defendant."

Applying this principle to a case almost identical with ours, we have the decision of the Supreme Court in Wampler v. F. C. Haab Co., Inc., 401 Pa. 178. This was a case in which the plaintiff, owner of adjoining land, placed oil storage tanks and equipment underground on land later sold by additional defendant to defendant by special warranty deed. Defendant interfered with plaintiff's further use of this equipment, which brought about the suit. Defendant landowner sought to join his grantor as solely liable to plaintiff or as liable over to defendant. In an opinion by Mr. Justice Eagen, it is stated (p. 181) :

"The cause of action pleaded against the additional defendants is one of indemnity and is totally distinct and unrelated to the original cause of action brought by plaintiff which is directed against misuse of plaintiff's property by the original defendants only."

We can find no substantive distinction between our own and the Wampler case, supra. Defendant may have a good cause of action against additional defendant, but it cannot be asserted as a part of plaintiffs' cause of action against him. These proceedings may at least have some value in alerting additional defendant

to the fact that it may have a stake in defendant's success or failure in the present action.

Now, April 30, 1963, additional defendant's preliminary objections in the nature of a demurrer are sustained, defendant's complaint against additional defendant is dismissed and the joinder of additional defendant is rescinded, without prejudice to the right of defendant at any appropriate time to institute an independent action against additional defendant upon the state of facts set forth in said complaint.