## Szklarz v. Kalbach

*Franklin Kepner,* for plaintiffs.
*Thomas Arthur James, Jr.,* for defendants.

MYERS, *J.,* May 28, 1981 —Plaintiffs have filed a complaint in trespass alleging that defendants misrepresented the condition of a dwelling they purchased from defendants. Defendants filed a demurrer to the complaint. This demurrer is now before the court for disposition.

In the complaint, plaintiffs request compensation for a variety of damages, including an unspecified amount for "inconvenience." The demurrer is based upon the "inconvenience" claim.

Damages recoverable in an action in misrepresentation are stated in Restatement, 2d, Torts, §549. That section provides as follows:

"(1) The recipient of a fraudulent misrepresentation is entitled to recover as damages in an action of deceit against the maker the pecuniary loss to him of which the misrepresentation is a legal cause including (a) the difference between the value of what he has received in the transaction and its purchase price or other value given for it; and (b) pecuniary loss suffered otherwise as a con-

sequence of the recipient's reliance upon the misrepresentation.

"(2) The recipient of a fraudulent misrepresentation in a business transaction is also entitled to recover additional damages sufficient to give him the benefit of his contract with the maker, if these damages are proved with reasonable certainty."

Although Pennsylvania's courts have not yet explicitly adopted the Restatement's damage calculation formula, a number of Pennsylvania cases have substantially followed the Restatement rationale. In Fuller v. Mulhollan, 40 Pa. Superior Ct. 257 (1909), the court stated that the correct measure of damages was "the value of the part taken in proportion to the value of the part which the vendee gets."

"Inconvenience" is not includable in the damages, either under the Restatement or Pennsylvania's case law. Therefore, damages sought by plaintiffs are improper.

However, a demurrer challenges the legal sufficiency of a complaint, not the propriety of the damages claimed. Despite the fact that plaintiffs have improperly set forth their claim for damages, nonetheless all of the requisite elements of an action in misrepresentation still exist. See Restatement, 2d, Torts, §525f.

A demurrer may not be utilized to challenge an improper item of damages when the complaint itself alleges all facts necessary to state a cause of action. Defendants' preliminary objections will therefore be dismissed.

## ORDER

And now, May 28, 1981, defendants' preliminary

objections are hereby denied. Defendants are hereby granted leave to file an appropriate responsive pleading within 20 days of the date of this order.