WILLIAM CARLETON *vs.* SIMEON TYLER & *al.*

Where three convey lands in the same deed, covenanting to warrant and defend the premises against the lawful claims and demands of all persons claiming by, through, or under them, they are all liable on the covenant, if a legal claim under one of the three existed at the time.

THIS was an action of covenant broken, against *Simeon Tyler*, *Ephraim Wood* and *Joseph Jones*, wherein the plaintiff alleged, that the defendants, by their deed dated *Oct.* 1, 1833, conveyed all their right, title and interest in and to certain real estate in *Camden*, particularly described, and in the same deed, covenanted among other things, " that they would warrant and forever defend the premises, so conveyed as aforesaid, to him the said *William Carleton*, his heirs and assigns forever, against the lawful claims and demands of all persons claiming by, through, or under them, the said defendants." The breach alleged was, that *Tyler*, one of the defendants, by his deed dated *September* 22, 1810, had conveyed to one *Reed*, in fee simple, a certain parcel of land, particularly described, being part of the premises embraced in the deed from the defendants to the plaintiff; that said *Reed* had deceased, and that his widow, since the making of the deed from the defendants to the plaintiff, had recovered judgment for her dower in

the premises last described, by virtue of that conveyance ; that the same was lawfully assigned to her, and that she had entered into the possession thereof. *Wood* and *Jones* had oyer of the deed from the defendants to the plaintiff, and then demurred to the declaration, and assigned the following cause. Because said deed to said *Reed* is not, and is not alleged to be, signed or executed by said *Wood* or said *Jones*, or that the widow of said *Reed* ever claimed title under said *Wood* or *Jones*.

*C. R. Porter,* for the defendants.

*Thayer,* for the plaintiff, cited *Worcester* v. *Eaton,* 13 *Mass. R.* 371 ; *Somes* v. *Skinner,* 16 *Mass. R.* 348 ; *Webster* v. *Lee,* 5 *Mass. R.* 334 ; *Hodges* v. *Hodges,* 9 *Mass. R.* 320 ; 1 *Bac. Ab.* 134 ; *Jones* v. *Boston Mill Corp.* 4 *Pick.* 507 ; *Bean* v. *Farnam,* 6 *Pick.* 269.

After advisement, the opinion of the Court was drawn up by

WESTON C. J. — The terms, " through or under us," used in the covenant, are broad enough to embrace all lawful claims, derived from the covenantors, collectively or severally. The covenant was joint ; and we must regard it as too narrow a construction to hold, that each might have conveyed separately without a breach. We have hesitated, whether the covenant might not be taken distributively, so as to hold each severally liable, upon his own separate conveyance ; but the language, expressive of a joint covenant, is too strong to justify the Court in withholding from the grantee a remedy against all, upon any breach, within the range of the covenant. It was made joint for his protection, and as such must be enforced. The case is not so clear as could have been desired ; and we have been referred to no precedents, which can contribute much to its elucidation. If the defendants are held beyond what they intended or expected, they should have explained themselves. In the absence of any better or more satisfactory rule of construction, the law requires, that the terms they use should be taken most strongly against them.

*Declaration adjudged good.*