# Williams, Appellant, *v.* O'Donnell.

*Deeds—Covenants—General warranty—Eviction—Covenant running with land—Mortgage—Incumbrances.*

1. A covenant of general warranty in a deed of real estate, whatever else it may be, is a covenant against eviction, and as such it runs with the land, and is not broken until there has been an actual or constructive eviction under a paramount title.

2. In an action to recover damages for a breach of a covenant of general warranty, where the statement of claim shows explicitly that the cause of action was an actual eviction following a sheriff's sale in foreclosure proceedings of a mortgage in existence at the time the deed of warranty was made, it is error for the court to find that the real cause of action was a violation of the covenant against incumbrances implied in the words "grant, bargain and sell," or in the covenant of general warranty, and that as such a covenant did not run with the land, the right of action was limited to the original vendee, and not to his grantee.

3. Where two persons execute a mortgage on land, and subsequently a third person acquires an undivided interest in the land, and thereafter the three execute a deed of general warranty, the third party is liable in damages for a breach of the warranty resulting from an eviction under the paramount title created by the mortgage.

Argued May 3, 1909. Appeal, No. 283, Jan. T., 1908, by plaintiff, from order of C. P. Warren Co., March T., 1908, No. 21, discharging rule for judgment for want of a sufficient affidavit of defense in case of Christopher L. Williams, Receiver of Fredonia National Bank of Fredonia, N. Y., v. Edward O'Donnell et al. Before BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Assumpsit for breach of covenant of general warranty in a deed of real estate. Before LINDSEY, P. J.

The opinion of the Supreme Court states the case.

The court discharged the rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was order discharging rule for judgment for want of a sufficient affidavit of defense.

VOL. CCXXV—21

*D. I. Ball*, for appellant.—It is necessary in order to maintain an action upon a covenant of general warranty that an eviction must be averred and proved: Clarke v. McAnulty, 3 S. & R. 364; Paul v. Witman, 3 W. & S. 407; Patton v. McFarlane, 3 P. & W. 419; Dobbins v. Brown, 12 Pa. 75; Stewart v. West, 14 Pa. 336; Wilson v. Cochran, 46 Pa. 229; Knepper v. Kurtz, 58 Pa. 480; Chambers v. Reinhold, 33 Pa. Superior Ct. 266; Hauck v. Single, 10 Phila. 551; Brown v. Dickerson, 12 Pa. 372.

*C. W. Stone*, with him *R. W. Stone* and *W. W. Wilbur*, for appellees.—The plaintiff's statement in this case is ambiguous and uncertain in that it does not make it appear whether he claims for breach of the covenant implied from the use of the words "grant, bargain and sell," or of the express covenant of general warranty, but his counsel on argument in the court below, and in his paper-book here, renounces any claim on the implied covenant. The character and effect of that implied or statutory warranty are fully defined by the act of 1715 as simply a covenant against the acts of the grantor, and as Allen was not a party to the mortgage and had no connection therewith, such covenant is not broken as to him: Ake v. Mason, 101 Pa. 17; Knepper v. Kurtz, 58 Pa. 480.

The express covenants in the deed from O'Donnell and Allen are in the ordinary form of a general warranty, and such general warranty includes a covenant against incumbrances. While, as the court below says, this may not have been specifically so decided in Pennsylvania, the general drift and logic of our decisions is to that effect, and other states have expressly so decided: Funk v. Cresswell, 5 Iowa, 62; Burk v. Burk, 64 Ga. 632.

We feel bound to concede that in executing a deed of general warranty to Tarbox, Allen and O'Donnell covenanted against incumbrances on the land conveyed, and this is the covenant broken. It was broken as soon as made because the incumbrance existed at the time the deed was executed and delivered: Mygatt v. Coe, 11 L. R. A. 646; Seitzinger v. Weaver, 1 Rawle, 377; Cathcart v. Bowman, 5 Pa. 317; Memmert v.

McKeen, 112 Pa. 315; Funk v. Voneida, 11 S. & R. 109; Huyck v. Andrews, 3 L. R. A. 789.

The question of eviction is entirely immaterial because appellant's damage does not arise from any defect of title, nor from any alleged eviction, but simply from the existence of a lien: Funk v. Voneida, 11 S. &. R. 109.

OPINION BY MR. JUSTICE STEWART, June 22, 1909:

This was an action to recover upon a breach of a general covenant of warranty contained in the deed of conveyance from the appellees, Edward O'Donnell, George H. Higgins, and O. C. Allen, to one Frank W. Tarbox, dated April 17, 1890. The covenant was in the usual form and need not be here recited. The deed contained also the customary words "grant, bargain and sell." By certain intermediate conveyances the title to the property so conveyed became vested in the Fredonia National Bank, April 7, 1894. Prior to the conveyance from O'Donnell, Higgins and Allen, O'Donnell and Higgins, who were then sole owners of the land described in the deed, executed a mortgage to one Emerson in the sum of $3,000. This mortgage was upon record when Allen subsequently purchased an undivided interest in the land, and it remained unsatisfied when the conveyance was made by O'Donnell, Higgins and Allen to Tarbox. In August, 1905, a scire facias was sued out upon this mortgage against O'Donnell and Higgins. This was followed by an alias writ against the same parties including the Fredonia National Bank, the plaintiff in the present action, as terre-tenant. Upon this latter writ judgment was obtained in the sum of $1,955 with interest and costs. A levari facias was issued on this judgment and the mortgaged premises were sold thereunder by the sheriff for the sum of $4,000, December 2, 1907. After paying thereout the judgment and costs, a balance of $1,873.79 was paid over to the Fredonia Bank. The suit by the bank, through its receiver, is to recover the difference between the amount paid to the bank and the total proceeds of the sheriff's sale, as damages resulting from the alleged breach of the warranty, to-wit: the sum of $2,226.01, with interest. Plaintiff's state-

ment set out the facts as we have given them, averred an eviction under a paramount title, and consequent breach of the defendants' warranty. The affidavits of defense filed in the case controvert none of the foregoing facts, but deny plaintiff's right to recover for several reasons. The motion for judgment for insufficiency of the affidavits was refused on the ground that the warranty declared on and made the basis of plaintiff's claim, whether express or implied, is a warranty against incumbrances, and if broken by the existence of the mortgage to Emerson as asserted, was broken when made, and vested no right of any action in anyone except Tarbox, the original vendee. In his opinion filed the learned judge says, "There is no allegation of any defect in the title at the time of the conveyance by Allen, Higgins and O'Donnell to Tarbox, or of any paramount title then existing. All that existed at that time was the mortgage given by Higgins and O'Donnell to Emerson, which was an incumbrance and is within the special covenant provided by the sixth section of the Act of May 28, 1715, 1 Sm. L. 94, arising from the words 'grant, bargain and sell,' which covenant was broken as soon as made." Speaking of the effect of the general warranty, he holds that it too is a covenant against incumbrances, at least to the extent of including such incumbrances as may result in rightful eviction, and attaches to it the same incidents, so far as a breach by incumbrances is concerned, as are annexed to the implied statutory covenant. The conclusion he reaches is that the covenant here being against incumbrances, it was broken as soon as made, and being a personal covenant, not running with the land, it could avail none but Tarbox, the immediate vendee of the defendants. This was not only a misapprehension of the cause of action declared upon, but a misapprehension of the law as well. The covenant declared on was the general warranty in the deed; the breach assigned was that the plaintiff "by reason of said sheriff's sale of said premises and sheriff's deeds therefor, and by force of the paramount title under the sheriff's deed, was evicted from the said piece or parcel of land hereinbefore described, and suffered," etc. The statement filed is too explicit and definite to leave in

doubt just what the breach complained of was; it was the plaintiff's eviction by a paramount title, and there was but one covenant in the deed, the general warranty, that gave indemnity against this. Whether in addition to this warranty the deed contained other covenants, express or implied, which would have afforded to the immediate grantees of defendants protection against incumbrances, or whether the general warranty included as well a covenant against incumbrance, were questions wholly aside. If there were such covenants, it by no means follows that they superseded or in any wise impaired the force of the general warranty against eviction, no matter how the eviction might occur, only so as it resulted from the assertion of a paramount title. The learned judge says that there is no allegation of any defect of title at the time of the conveyance by Allen, Higgins and O'Donnell, or of any paramount title then existing; and yet the plaintiff's statement set out that at the date of the conveyance from defendants, there was on record an indenture of mortgage executed by two of the defendants, at the time the sole owners, by which they did grant, bargain and sell, conditionally, to Emerson, the land which they subsequently conveyed. Here was an outstanding paramount title which was subsequently asserted against the defendants, resulting in an eviction. It comes to nothing to say that defendants' immediate grantees had their right of action at once on the implied covenant against incumbrance, or even upon the general warranty, if such were the case,—a question not necessary here to decide. Defendants' vendees were not put to the alternative of suing upon that breach or forfeiting the covenant against an eviction which might subsequently result from an enforcement of the incumbrance which in itself was a paramount title. They had their election either to treat it as an incumbrance and sue at once for the breach, or delay until another breach under another covenant occurred, namely, eviction. Treating it as a covenant against eviction, it of course ran with the land, and no cause of action could arise until the eviction occurred actually or constructively. The case of Funk v. Vonedia, 11 S. & R. 109, is nothing to the contrary. What that case decides is

that an outstanding mortgage is within the covenant implied in the words "grant, bargain and sell," and that the grantee is entitled to recover in an action upon this covenant, notwithstanding the mortgage is not due at the commencement of the suit; for the reason that the particular covenant sued on was broken the very instant it was entered into. This is not true with respect to general warranty. The breach there is in the eviction, and until then no right of action arises. The case cited clearly defines the distinction, but it nowhere encourages the notion that the two covenants are inconsistent, or that by failure to adopt the remedy the law affords with respect to implied covenants the right to protection under the warranty is lost. On the contrary, it decides that between the covenants implied in the words "grant, bargain and sell," and a special covenant of warranty (that is all it was in that case, and the difference is immaterial) there is no inconsistency whatever, and the function and operation of each are clearly distinguished. That the covenant of warranty runs with the land and is in this respect distinguishable from the implied covenants is a principle too familiar to call for any citation of authorities. Whether it is a covenant as well against incumbrances is a question that does not arise in the case. Whatever else it may or may not be, it is beyond all dispute a covenant against eviction. Whether it was something more was a wholly unnecessary inquiry. The learned judge concluded that it did embrace something else, and then rested his decision wholly upon this supposed additional covenant which he regarded as not assignable, ignoring entirely the other natural and confessedly legitimate effect of the warranty. This was a mistake. The eviction of the plaintiff is averred in the statement and not denied in the affidavit; it is therefore admitted. It was effected, just as in Brown v. Dickerson, 12 Pa. 372, by the foreclosure of a mortgage outstanding when the conveyance was made. Presumably in that case, as in this, the conveyance contained the words "grant, bargain and sell," though the report of the case does not disclose such fact. The suit was not on any implied covenant, but on an express special warranty against eviction, and a recovery was sus-

tained on the ground that the covenant was broken by a sheriff's sale under a paramount incumbrance.

The other matters set up by way of defense were adjudged insufficient, and in this conclusion we concur. The fact that Allen was not one of the mortgagors, and that he acquired his interest in the property after the mortgage had been given, is of no consequence. He was one of the grantors in the deed to Tarbox and united with the other grantors in the warranty. It was his warranty as well as theirs. Nor is it of any consequence that he had but an undivided fourth interest in the premises at the time of the conveyance. The averment that a large amount of oil sufficient to pay the unpaid balance of the mortgage had been produced from the mortgaged premises and delivered to the mortgagee, is too indefinite to warrant an arrest of judgment. It is lacking in so many obviously essential elements that this feature of the affidavit calls for no discussion. For the reason here stated the order discharging the motion for judgment for want of a sufficient affidavit of defense is reversed, and the record is remitted to the court below with directions to enter judgment for plaintiff, unless other legal or equitable cause be shown to the court below why such judgment should not be entered.