## SAUNER v. DRAGOO

Ohio Appeals, 4th Dist., Highland Co.

Decided Jan. 25, 1928.

First Publication of this Opinion.

Syllabus by Editorial Staff.

1255. WARRANTY—997. Real Estate.

1. Covenant of general warranty, as expressed in this deed, held to be joint and several.

2. Where warranty is joint and several, fact that each owned an undivided one-half interest in property can not limit liability in proportion to quantity that each owned and conveyed.

Error to Common Pleas.

Judgment affirmed.

Wilson & Morrow, Hillsboro, for Sauner.

McMullen & Durnell, Hillsboro, for Dragoo.

## FULL TEXT

BY THE COURT.

The only question in this case is whether a certain covenant of general warranty in a deed executed by tenants in common is joint and several. It is our conception of the law that this question must be determined from the terms in which the covenant is expressed. Rawle on Covenants, p. 508. The covenant in this inquiry reads as follows:

"And the said Lewis S. Sauner, Ora C. Sauner, Alta E. Sauner and Malinda F. Sauner, for themselves and their heirs, executors and administrators, do hereby covenant with the said F. C. Dragoo, his heirs and assigns, that they are the true and lawful owners of said premises and have full power to convey the same; and that the title so conveyed is clear, free and unincumbered; and further, that they do warrant and will defend the same against all claim or claims of all persons whomsoever."

The language of this covenant expressly

binds both Lewis and Ora Sauner for any breach thereof and they are both liable. There is no room in its terms to warrant any limitation of their liability. It is joint and several and the fact that each owned an undivided one-half interest in the property can not limit their liability in proportion to the quantity that each owned and conveyed. Williams v. O'Donnell, 74 Atl. 205, Carleton v. Tyler, 16 Me. 392; Cornings v. Little, 24 Pick. (Mass.) 266, 7 R. C. L., p. 1092.

(Middleton, PJ., and Mauck, J., concur. Thomas, J., not participating.)