Litmans, Appellant, *v.* O'Donnell.

Argued April 15, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER and WRIGHT, JJ. (DITHRICH, J., absent).

*Meyer W. Gordon,* with him *Marvin J. Apple,* for appellant.

*James H. Brennan,* with him *Brennan & Brennan,* for appellee.

OPINION BY RENO, J., July 14, 1953:

On July 10, 1937, Elizabeth H. Zinke conveyed real estate situate in Pittsburgh to Thomas M. O'Donnell, defendant-appellee. At that time a tax assessed by the County of Allegheny against Zinke and levied in 1937 was unpaid, and on March 18, 1940, the County filed a claim for the tax against Zinke. On December 31, 1941, O'Donnell conveyed the property to Lazar and Dora Litmans by a general warranty deed. Dora subsequently conveyed her interest to Lazar Litmans, plaintiff-appellant. On December 3, 1947, Litmans conveyed the property to Arnold Huttner and wife. In that transaction the tax claim was discovered and plaintiff, after giving notice to O'Donnell to discharge it, paid the claim in the sum of $478.84, which included the tax, penalty, interest and costs. He sued O'Donnell in assumpsit for that sum, averring a breach of the gen-

eral warranty. Defendant's preliminary objections were sustained and judgment entered for him, and from that order plaintiff appealed.

The aforementioned deeds were promptly recorded. Allegheny County maintains a registry office, pursuant to the Acts of May 2, 1899, P. L. 162, 21 P.S. §321, et seq., and July 18, 1941, P. L. 421, §1, 21 P. S. §325.1, where all deeds are registered within ten days after they have been recorded. As stated, the lien was filed against Zinke, the owner at the time the tax was assessed and levied, and not against O'Donnell, the registered owner at the time the lien was filed. Plaintiff contends that the lien was a valid encumbrance even though filed in the name of the *assessed* owner, Zinke; defendant contends that the law compelled filing against the *registered* owner, O'Donnell.

The Act of May 16, 1923, P. L. 207, 53 P.S. §2030, et seq., established a complete and statewide system for filing tax and municipal claims, and it provides the answer to the controversy. Under it, §2, 53 P.S. §2022, taxes are a first lien upon real estate and claims to continue the lien must be filed "on or before the last day of the third calendar year after that in which the taxes or rates are first payable." Id. §9, 53 P.S. §2029. The Act, §10, 53 P.S. §2030, requires that the claim be filed against the owner, and "owner" is defined, §1, 53 P.S. §2021, as "the person or persons *in whose name the property is registered, if registered according to law,* and, in all other cases, means any person or persons in open, peaceable and notorious possession of the property, as apparent owner or owners thereof, if any, or the reputed owner or owners thereof in the neighborhood of such property." (Emphasis added.)

This definition has been held to be a clear and unambiguous command. *Blairsville Boro. v. Donatelli,* 123 Pa. Superior Ct. 51, 186 A. 247. "This require-

ment [of the Act, §§1, 10] that the names of the owner shall be set forth is mandatory": *St. Clair Savings and Trust Co. v. Groeschel,* 137 Pa. Superior Ct. 1, 3, 8 A. 2d 466. *Spramelli v. Boro. of Punxsutawney,* 102 Pa. Superior Ct. 557, 157 A. 522; while not a factual parallel, indicates that in areas where a registry office is maintained the claim must be filed against the registered owner.[1] And in *Tiegel v. Love,* 61 Pa. Superior Ct. 149, it was held that a municipal lien was valid where it was filed against the registered owner even though he had conveyed his title by an unrecorded and unregistered deed.

The conclusion, drawn from the Act and the decided cases, is that a tax claim must be filed against the registered owner and that the registered owner is the person in whose name the property is registered at the time the claim is filed. The claim which plaintiff paid was invalid and he is not entitled to reimbursement from the defendant.[2]

Plaintiff based his action upon the general warranty contained in O'Donnell's deed.[3] Manifestly, since he

---

[1] "Of course, we are not holding that where there has been a registration of deeds in a city or borough that the municipality is not required to file the lien against the registered owner, but as we construe the word 'registered' that is a matter not involved in the present discussion": *Spramelli v. Boro. of Punxsutawney,* supra, p. 562.

[2] At the argument it was stated that it has been the practice of the County of Allegheny to file its tax claims against the owner at the time the assessment was made. This decision will not invalidate those claims which are still amendable under the Act of 1923, §34, 53 P.S. §2054. *Spramelli v. Boro. of Punxsutawney,* supra.

[3] The warranty on which plaintiff declared follows: "And the said party of the first part [Thomas M. O'Donnell] for himself, his heirs, executors, and administrators, covenants with the said parties of the second part, their heirs and assigns against all lawful claimants the same and every part thereof to Warrant and Defend."

had not been evicted from the property by a superior adverse claimant there was no breach of that warranty, and plaintiff cannot recover thereon. *Clarke v. Mc-Anulty,* 3 S. & R. 364; *Dobbins v. Brown,* 12 Pa. 75; *Williams v. O'Donnell,* 225 Pa. 321, 74 A. 205; *Herbert v. Northern Trust Co.,* 269 Pa. 306, 112 A. 471. His cause of action, if any, arose out of the phrase "grant, bargain, sell and convey", contained in his deed, which under the Act of May 28, 1715, 1 Sm. L. 94, §6, 21 P.S. §8, constitutes an express covenant that the grantor was seized of an estate "freed from encumbrances done or suffered from the grantor . . ." This covenant is breached if there is an existing encumbrance created by the grantor at the time the deed is delivered. *Funk v. Voneida,* 11 S. & R. 109; *Memmert v. McKeen,* 112 Pa. 315, 4 A. 542. When the 1937 tax was assessed and levied Zinke, not O'Donnell, was the registered owner and she became personally liable for the tax. *Pennsylvania Co. v. Bergson,* 307 Pa. 44, 159 A. 32; *Shaffer v. Greer,* 87 Pa. 370; Cf. *Gheen v. Harris,* 170 Pa. 644, 32 A. 1094, and *Taylor v. Allen,* 60 Pa. Superior Ct. 503. O'Donnell never became personally liable for the 1937 tax; and when the lien was filed for that tax against Zinke, and not against O'Donnell, and without notice to him, it was clearly not an encumbrance "done or suffered" by O'Donnell. *Lessee of Gratz v. Ewalt,* 2 Binn. 95; *Knepper v. Kurtz,* 58 Pa. 480.

Judgment affirmed.