**Steven WOOLF and Sally Woolf, Plaintiffs,**

v.

**1417 SPRUCE ASSOCIATES, L.P., Defendant;**

v.

**Federal Home Loan Mortgage Corporation, Additional Defendant.**

**No. CIV. A. 99–CV–4120.**

United States District Court, E.D. Pennsylvania.

Oct. 4, 1999.

Howard Gershman, Heller, Kapustin, Gershman and Vogel, Blue Bell, PA, for plaintiffs.

---

Joyce S. Meyers, Julie H. Chelius, Montgomery, McCracken, Walker & Rhoads, Philadelphia, PA, for defendant.

Henry F. Reichner, Andrew J. Soven, Reed, Smith, Shaw & McClay, Philadelphia, PA, for third-party defendant.

*MEMORANDUM*

ROBERT F. KELLY, District Judge.

Presently before this Court is the Motion to Dismiss the Joinder Complaint filed by the Additional Defendant Federal Home Loan Mortgage Corporation ("Freddie Mac"), and the Response of Defendant 1417 Spruce Associates, L.P. ("Spruce"). For the following reasons, the Motion is granted.

## I. BACKGROUND

This action arises from a December, 1994 conveyance of the property located at 1417 Spruce Street in Philadelphia, PA ("the property") from Freddie Mac to Spruce.

In June of 1994, the property was encumbered. Plaintiffs Steven and Sally Woolf ("the Woolfs") held a record lien on the property, (Pls.' Mem. Opp'n Mot. Dismiss at 9), and the owners of the property at that time ("prior owners") held the property subject to a mortgage owned by Freddie Mac. *Id.* at 3. Freddie Mac filed a complaint against the prior owners for delinquent mortgage payments, and obtained a court order directing the United States Marshal to sell the property at a public judicial sale. *Id.* Freddie Mac bought the property at the Marshal sale and, thereafter, conveyed the property to Spruce by special warranty deed. *Id.* at 4.

In April, 1999, the Woolfs filed a complaint in foreclosure against Spruce in the Court of Common Pleas of Philadelphia County, alleging that their lien on the property continued because Freddie Mac allegedly failed to serve proper notice to them of the Marshal sale. *Id.*

Subsequently, Spruce filed a Joinder Complaint against Freddie Mac in the state action, alleging that Freddie Mac must defend Spruce's title pursuant to the terms of the special warranty deed, (*See* Pls.' Compl.), which Freddie Mac removed to this Court in August, 1999. Freddie Mac then filed the present Motion to Dismiss the Joinder Complaint pursuant to Fed.R.Civ.P. 12(b)(6).

## II. STANDARD

A motion to dismiss, pursuant to Fed. R.Civ.P. 12(b)(6), tests the legal sufficiency of the complaint. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A court must determine whether the party making the claim would be entitled to relief under any set of facts that could be established in support of his or her claim. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)(citing *Conley,* 355 U.S. at 45–46, 78 S.Ct. 99); *see also Wisniewski v. Johns–Manville Corp.,* 759 F.2d 271, 273 (3d Cir.1985). In considering a Motion to Dismiss, all allegations in the complaint must be accepted as true and viewed in the light most favorable to the non-moving party. *Rocks v. City of Phila.,* 868 F.2d 644, 645 (3d Cir.1989) (citations omitted).

## III. DISCUSSION

There is a paucity of case law concerning the obligations created by the conveyance of property through a special warranty deed. Moreover, the existing authority does not squarely address the precise issue of whether a grantor who conveys, via special warranty deed, property encumbered by a preexisting lien must defend against a subsequent foreclosure action.

A special warranty deed is "a clause of warranty inserted in a deed of lands, by which the grantor covenants, for himself and his heirs, to 'warrant and forever defend' the title to the same ... against all persons claiming 'by, through, or under' the grantor or his heirs. If the warranty is against the claims of all persons whatso-

ever, it is called a 'general' warranty."[1] Black's Law Dictionary 1759 (4th ed. 1957).

The Pennsylvania Superior Court outlined the elements of a special warranty deed in *Leh v. Burke*, 231 Pa.Super. 98, 331 A.2d 755 (1974). In that case, the issue was whether a special warranty grantor remained responsible for a covenant that was contained in the original deed to her, but was not mentioned in the special warranty deed to her grantee. The trial court held that the covenant was an encumbrance created by the grantor, and that as such, she remained responsible for payment according to its terms. The Superior Court reversed, explaining that pursuant to a special warranty deed, the grantor agrees to defend against those encumbrances on the property which are "created or allowed by the grantor." 231 Pa.Super. at 110–111, 331 A.2d at 762. Further, "[t]his covenant is breached if there is an existing encumbrance created by the grantor at the time the deed is delivered." *Id.* (quoting *Litmans v. O'Donnell*, 173 Pa.Super. 570, 574, 98 A.2d 462, 464 (1953)). Accordingly, the Court observed that in order to recover against a grantor under a special warranty deed, a party must show that the grantor "caused or allowed a lien or encumbrance to burden the land at the time of transfer." *Id.* The Court held that because the defendants failed to establish that the claim was created or allowed by the grantor, the defendants alone were responsible for the claim against the property. *Id.* at 114, 331 A.2d 755.

■ In the instant case, the relevant language contained in the deed by which Freddie Mac conveyed the property to Spruce is as follows:

Grantor does hereby bind itself and its successors and assigns to WARRANT SPECIALLY all and singular the property unto Grantee its successors and assigns, against every person lawfully claiming by, through, or under Grantor, but not otherwise; provided that this conveyance and the warranty of Grantor herein contained are subject to ... any and all matters of record.

Special Warranty Deed at 1 (emphasis added). A fair reading of the plain language of the deed, informed by the logic of the Superior Court in *Leh* as well as the general definition of a special warranty deed, yields the conclusion that because the Woolfs' lien preexisted Freddie Mac's possession of the property, and was therefore created without Freddie Mac's knowledge, fault, consent, or acquiescence, it did not constitute a claim arising by, through, or under the grantor. Therefore, Spruce's claim against Freddie Mac is without basis in the law.

Spruce, however, focuses on the *Leh* Court's use of the phrase "created or allowed," even though the Superior Court did not elaborate upon the meaning of the term, in support of its assertion that Freddie Mac is obligated to defend against the Woolfs' lien. Specifically, Spruce argues that if Freddie Mac failed to give the Woolfs proper notice of the Marshal sale, he failed to extinguish their lien, thereby "allowing" it to burden the property at the time of the transfer to Spruce. As such, Spruce argues that dismissal of its claim against Freddie Mac is premature, since the factual dispute as to whether Freddie Mac took adequate steps to extinguish the Woolfs' lien by giving proper notice of the sale has yet to be resolved.[2]

---

1. Pennsylvania law recognizes the distinction between the "special" and the "general" warranty. *See* Clark, Ladner, et.al. *Land Conveyancing in Pennsylvania*, § 9.05 at 29 (4th ed. rev.)

2. Briefly addressed in the parties' briefs is the fact that the Freddie Mac/Spruce deed provided that Freddie Mac would be responsible for

all claims arising by, through and under the grantor, except for "any and all matters of record." Freddie Mac points out that the Woolfs' lien was a matter of record of which Spruce had notice, as it was levied in 1984, 10 years before the Marshal sale. Spruce counters by asserting that "the Marshal sale was also a matter of record at the time the

■ We disagree. Spruce's position, taken to its logical extreme, appears to require this Court to liberally construe the term "allowed" to include *all* claims against a property, from whatever source and arising at any point in time, that the grantor *could have* extinguished but failed to so do. This is simply not the nature of a special warranty deed; the grantor may very well be *capable* of extinguishing all encumbrances on a property before conveyance, but he is not *required* to do so under a special warranty deed. Rather, he is required only to free the property from those encumbrances which he created or allowed to burden the land at the time of conveyance. A contrary interpretation of the meaning of the word "allowed" in this context would impose the heightened responsibility of the grantor of a general warranty deed upon the grantor of a special warranty deed. To do so would render meaningless the distinction recognized in Pennsylvania jurisprudence between a general warranty and a special warranty.

Spruce's proffered interpretation of Freddie Mac's obligations under the special warranty deed is unpersuasive. As such, Spruce makes no claim against Freddie Mac for which legal relief could be granted. Accordingly, the Joinder Complaint is dismissed with prejudice.

An appropriate Order follows.

### ORDER

AND NOW, this 4th day of October, 1999, upon consideration of the Motion of Additional Defendant Federal Home Loan Mortgage Corporation ("Freddie Mac") to Dismiss the Joinder Complaint of Defendant 1417 Spruce Associates, L.P. ("Spruce"), and Spruce's Response thereto, it is hereby ORDERED that Freddie Mac's Motion is GRANTED and the Joinder Complaint is DISMISSED WITH PREJUDICE.

---

deed was granted and that a properly noticed Marshal sale would have extinguished a lien, such as the Woolfs'." Pls.' Mem. Opp'n Mot. Dismiss at 9. Ostensibly, Spruce is arguing that the Woolfs' lien is a claim arising by, through, or under the grantor because in failing to properly extinguish the lien, Freddie Mac "allowed" the lien to encumber the property at the time of transfer. However, Spruce's logic puts the cart before the horse. Spruce overlooks the fact that Freddie Mac never had a duty to extinguish the Woolfs' lien because, as a preexisting lien, it did not arise by, through, or under the grantor. Therefore, because Freddie Mac had no duty to extinguish the lien, any alleged failure to properly notice the Marshal sale could not have created such a duty. Accordingly, contrary to Spruce's assertions, the resolution of the factual dispute as to whether Freddie Mac properly noticed the Woolfs of the Marshal sale can offer no support for Spruce's claim against Freddie Mac.