# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*Chicago Title Insurance Co. v. Aurora Loan Services, LLC*, 2013 IL App (1st) 123510

---

| | |
|---|---|
| Appellate Court Caption | CHICAGO TITLE INSURANCE COMPANY, as Subrogee of WATERSIDE PARTNERS, LLC, Plaintiff-Appellant, v. AURORA LOAN SERVICES, LLC, Defendant-Appellee. |
| District & No. | First District, Third Division<br>Docket No. 1-12-3510 |
| Filed | August 30, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Plaintiff's complaint alleging that defendant breached the special warranty deed by which it conveyed certain property to plaintiff's insured was properly dismissed, since the encumbrance arising from a tax sale in 2007 prior to defendant's ownership of the property was not warranted against in the special warranty deed. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 12-L-4228; the Hon. John C. Griffin, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Flamm Teibloom & Stanko, Ltd., of Chicago (John W. Stanko, Jr., of counsel), for appellant.

McGinnis Wutscher Beiramee LLP, of Chicago (Ralph T. Wutscher, F. John McGinnis, and Kevin M. Hudspeth, of counsel), for appellee.

Panel

JUSTICE PIERCE delivered the judgment of the court, with opinion.
Presiding Justice Neville and Justice Hyman concurred in the judgment and opinion.

**OPINION**

¶ 1    Plaintiff, Chicago Title Insurance Company, appealed the circuit court's order granting defendant's motion to dismiss the complaint with prejudice pursuant to section 2-619 of the Code of Civil Procedure (Code). 735 ILCS 5/2-619 (West 2010). For the reasons that follow, we affirm the circuit court's order.

¶ 2                             BACKGROUND

¶ 3    Plaintiff filed a one-count verified complaint on April 20, 2010, for breach of special warranty deed. According to plaintiff's complaint, Aurora Loan Services, LLC (Aurora), conveyed the subject property located at 201 N. Westshore Drive, Unit 2603, in Chicago, Illinois, to Waterside Partners, LLC (Waterside), by special warranty deed on February 23, 2010. The special warranty deed was recorded on March 11, 2010. Chicago Title Insurance Company (Chicago Title) issued an owner's policy of title insurance for the subject property on March 11, 2010. Plaintiff alleged that Aurora breached its special warranty that it did not do anything or suffer anything to be done to encumber the property when Aurora: (1) failed to redeem a tax sale that was held prior to Aurora's ownership of the subject property; and (2) did not notify Waterside of a pending tax deed proceeding that ultimately divested Waterside of its interest in the property.

¶ 4    The following facts are agreed to by the parties. Pursuant to a judicial sale resulting from a foreclosure action, Aurora Loan Services obtained title to the property from Intercounty Judicial Sales Corporation on September 9, 2008. Prior to Aurora receiving the deed, however, delinquent special assessment taxes were purchased by the Salta Group, Inc. (Salta), on June 22, 2007. Salta recorded a *lis pendens* notice against the property. On February 22, 2010, Salta filed a petition for a tax deed under the June 22, 2007 tax sale. On February 23, 2010, Aurora conveyed the property to Waterside by special warranty deed. The tax sale was redeemable until June 21, 2010. Aurora did not redeem the 2007 tax sale

-2-

although it did pay the special assessment taxes in 2009 and 2010. Aurora did not notify Waterside of the 2007 tax sale.

¶ 5    On March 2, 2010, Salta served Aurora with notice of a petition for issuance of a tax deed. Aurora did not notify Waterside of the petition for a tax deed. On October 29, 2010, a tax deed issued and Salta obtained title to the property. The tax deed was recorded on November 17, 2010. Waterside was then divested of its interest in the property. On December 6, 2010, Chicago Title paid its insured, Waterside, the policy limit and appraised value of the property, $290,000. Chicago Title, as Waterside's subrogee, thereafter filed this lawsuit.

¶ 6    The special warranty deed executed by Aurora provided that Aurora "does covenant, promise and agree, to and with [Waterside], their heirs and assigns, that it has not done or suffered to be done anything whereby the said premises hereby granted are, or may be, in any manner encumbered or charged." Plaintiff alleged that the title insurance policy was issued without an exception for the 2007 tax sale and Waterside suffered a full title loss because of the issuance of the tax deed to Salta. Plaintiff alleged that defendant breached its special warranty in that it allowed the encumbrance of the *lis pendens* notice to remain on the property on the day the special warranty deed was delivered and recorded.

¶ 7    Defendant moved to dismiss the complaint pursuant to sections 2-603 and 2-619 of the Code. 735 ILCS 5/2-603, 2-619 (West 2010). Defendant argued that the complaint should be dismissed pursuant to section 2-619 of the Code because it cannot be held liable for Waterside's loss under the terms of the special warranty deed. Specifically, defendant argued that the plain language of the special warranty was limited to actions done or suffered to be done by Aurora which created an encumbrance. Defendant argued that the encumbrance predated Aurora's ownership of the property and, therefore, was not within the scope of the special warranty made to Waterside. Aurora argues that the property was sold for unpaid taxes on June 22, 2007 and it did not obtain title to the property until September 9, 2008. Thus, the prior owner of the property, and not Aurora, caused the tax sale to occur on June 22, 2007. Therefore, defendant argued, under the terms of the special warranty deed, Aurora did not "do or suffer to be done" anything to cause the tax sale encumbrance and it cannot be held liable for an encumbrance caused by the prior owner.

¶ 8    Plaintiff argued in response that under the special warranty deed, defendant had (1) a duty to notify Waterside of the existence of the tax sale; and (2) defendant breached the covenant against encumbrances by (a) failing to redeem the property from the tax sale; and (b) failing to notify Waterside of the petition for a tax deed. Plaintiff argued that defendant's inaction encumbered the property by creating a defect in title.

¶ 9    On October 25, 2012 after full briefing and a hearing on the motion, the circuit court granted the section 2-619 motion to dismiss with prejudice. The circuit court found that because the delinquent special assessment tax encumbrance predated Aurora's ownership of the property, the encumbrance did not occur while Aurora held title and Aurora did not cause the encumbrance, therefore, Aurora did not breach the special warranty deed. The circuit court also found that Aurora did not breach the special warranty deed for failing to notify Waterside of the existence of the tax deed petition.

¶ 10  ANALYSIS

¶ 11  Plaintiff argues that the circuit court erred in granting defendant's motion and dismissing the complaint with prejudice pursuant to section 2-619 of the Code. A section 2-619 motion for involuntary dismissal admits the legal sufficiency of the complaint, but raises defects, defenses, or other affirmative matter which avoids the legal effect or defeats a plaintiff's claim. 735 ILCS 5/2-619(a)(9) (West 2010); *Mauvais-Jarvis v. Wong*, 2013 IL App (1st) 120070, ¶ 64. The purpose of a section 2-619 motion to dismiss is to "provide litigants with a method of disposing of issues of law and easily proved issues of fact–relating to the affirmative matter–early in the litigation." (Emphasis omitted.) *Reynolds v. Jimmy John's Enterprises, LLC*, 2013 IL App (4th) 120139, ¶ 30. Affirmative matter is "something in the nature of a defense that negates the cause of action completely or refutes crucial conclusions of law or conclusions of material fact contained in or inferred from the complaint." *In re Estate of Schlenker*, 209 Ill. 2d 456, 461 (2004); *Illinois Graphics Co. v. Nickum*, 159 Ill. 2d 469, 486 (1994). When a defendant has initially satisfied the burden of presenting an affirmative matter, the burden then shifts to plaintiff "to establish that the defense is unfounded or requires the resolution of an essential element of material fact before it is proven." (Internal quotation marks omitted.) *Schroeder v. RGIS, Inc.*, 2013 IL App (1st) 122483, ¶ 24 (quoting *Reilly v. Wyeth*, 377 Ill. App. 3d 20, 36 (2007)).

¶ 12  In reviewing a section 2-619 motion, the court accepts as true all well-pleaded facts and all reasonable inferences that may be drawn from those facts, construing them in the light most favorable to the nonmovant. *Porter v. Decatur Memorial Hospital*, 227 Ill. 2d 343, 352 (2008); *Sandholm v. Kuecker*, 2012 IL 111443, ¶ 55. Our review of a section 2-619 dismissal of a complaint is *de novo*. *Mauvais-Jarvis*, 2013 IL App (1st) 120070, ¶ 64.

¶ 13  The gist of plaintiff's breach of special warranty theory is that, although defendant did not cause the encumbrance, defendant failed to remove the encumbrance when warranting that it did not do anything or suffer anything to be done to encumber the property. Plaintiff argues that defendant breached the special warranty in one or all of three ways: (1) it conveyed title subject only to taxes "not yet due or payable" even though there had been a prior sale for delinquent taxes; (2) it conveyed title even though there had been a prior sale for delinquent taxes with a *lis pendens* recorded against the property; and (3) after it was served with notice of the tax deed proceeding, Aurora (a) failed to redeem the property or (b) notify Waterside of Salta's tax deed petition. Plaintiff argues that the circuit court erred in finding that the encumbrance was caused by acts of the owner before Aurora, therefore, Aurora did not breach the special warranty deed, negating plaintiff's claim. We affirm, and find the circuit court did not err in dismissing plaintiff's complaint with prejudice.

¶ 14  The primary goal in construing a deed is to ascertain the intent of the parties. *Diaz v. Home Federal Savings & Loan Ass'n of Elgin*, 337 Ill. App. 3d 722, 727 (2002). "[I]f language contained in an instrument has a well known meaning and significance in law, it will be presumed such meaning was in the minds of the parties using it, unless a contrary intent is made manifest by other language in the deed." *Tallman v. Eastern Illinois & Peoria R.R. Co.*, 379 Ill. 441, 444 (1942).

¶ 15    "A warranty deed is a stipulation by the grantor in which he guarantees to the grantee that title to the property at issue will be good and that the grantor's possession is undisturbed." *Midfirst Bank v. Abney*, 365 Ill. App. 3d 636, 644 (2006). A special warranty deed is "[a] deed in which the grantor covenants to defend the title against only those claims and demands of the grantor and those claiming by and under the grantor." Black's Law Dictionary 477 (9th ed. 2009). A special warranty is a limited form of warranty and recovery is only available if the defect in title occurs because of an act of the grantor. 20 Am. Jur. 2d *Covenants, Conditions, & Restrictions* § 62 (2005). This limited warranty "does not render the grantor liable for defects in the title based on events that transpired when the property was in the hands of a prior titleholder." *Id.* Professor Richard A. Powell notes:

> "If the grantor covenants to warrant and defend title to the property against all claims whatsoever, regardless of their source, the covenant is a general warranty. However, if the grantor covenants to warrant and defend the title only against claims arising by, through or under the grantor, it is a special warranty. Under a special warranty, if the claim arose under, or due to the actions of, a prior owner of the land, the covenantor has no liability. However, under a general warranty, if a claim is validly asserted against the property, regardless of who is responsible for its existence, the covenantor is liable." 14 Richard R. Powell, Powell on Real Property § 81A.06(2)(d)(iii), at 81A-122-23 (Michael Allan Wolf ed., 2000).

¶ 16    In considering this appeal, we found no Illinois case law that provides insight into the nature of a special warranty deed. Jurisdictions that frequently employ special warranty deeds inform our analysis of the issues. Courts have found that the grantor of a special warranty deed, unlike a general warranty deed, "does not warrant against defects in the title that existed before grantor was deeded the property." (Internal quotation marks omitted.) *Morello v. Land Reutilization Comm'n*, 659 N.W.2d 310, 314 (Neb. 2003). The Florida district court discussed the use of special warranty deeds observing:

> "Special warranty deeds are used when the grantor is unwilling to warrant against possible defects arising before he acquired title. Frequently, tax title holders, particularly those claiming through an administrative tax deed, who have not prosecuted a quiet title action against the former owners, convey by special warranty deed. A special warranty deed is, of course, effective to convey all the title and estate of the grantor. The covenants as such have no operative effect; they simply define the scope of the liability of the grantor for breach of covenant if less than an indefeasible title is passed." (Internal quotation marks omitted.) *Harris v. Sklarew*, 166 So. 2d 164, 166 (Fla. Dist. Ct. App. 1964).

¶ 17    A special warranty against title or encumbrances "is breached only if the grantor's own conduct creates an encumbrance on the title." *ASK Realty II Corp. v. First American Title Insurance Co.*, No. Civ. CCB-04-1400, 2004 WL 1254005, at *18 (D. Md. June 7, 2004). The nature of a special warranty deed does not require a grantor to extinguish all encumbrances on a property in existence at the time the property is conveyed through a special warranty deed. *Woolf v. 1417 Spruce Associates, L.P.*, 68 F. Supp. 2d 569, 572 (E.D. Pa. 1999). This would render the distinction between a general warranty and a special warranty meaningless. *Id.* The superior court of Delaware observed:

"A covenant of special warranty is one the operation of which is limited or restricted to certain persons or claims. As a general rule, where a vendee receives a special warranty or quitclaim conveyance, he takes the estate subject to all the disadvantages that it was liable to in the hands of the vendor, and the law will presume notice of all encumbrances, either legal or equitable. The fact that a vendor refuses to make a full and complete assurance of title is said to be sufficient to excite suspicion and put the party upon inquiry." *Indian Harbor, Inc. v. Sea & Pines, Inc.*, 1987 WL 12424, at *3 (Del. Super. Ct. June 10, 1987).

¶ 18    In view of the foregoing, we find the special warranty made by Aurora defined the scope of its liability and placed Waterside on notice that it warranted only against title defects that were caused or created by its own conduct and that it was not responsible for defects arising before it acquired title and it was not required to extinguish all encumbrances on the property at the time of conveyance through the use of a special warranty deed.

¶ 19    The special warranty deed at issue provides that Aurora "does covenant, promise and agree, to and with [Waterside], their heirs and assigns, that it has not done or suffered to be done anything whereby the said premises hereby granted are, or may be, in any manner encumbered or charged."

¶ 20    An encumbrance is "any right to, or interest in, land which may subsist in a third party to the diminution of the value of the estate, but consistent with the passing of the fee by conveyance." (Internal quotation marks omitted.) *Inland Real Estate Corp. v. Oak Park Trust & Savings Bank*, 127 Ill. App. 3d 535, 541 (1983). In *Rhone v. First American Title Insurance Co.*, 401 Ill. App. 3d 802, 808 (2010), we discussed various aspects of encumbrances and noted:

"It [an encumbrance] may include any right to, or interest in, land which may subsist in a third party to the diminution of the value of the estate, but consistent with the passing of the fee by conveyance. [Citations.] Encumbrances include not merely liens such as mortgages, judgment liens, [or] taxes *** but also attachments, leases, inchoate dower rights, water rights, easements, restrictions on use, or any right in a third party which diminishes the value or limits the use of the land granted." (Internal quotation marks omitted.)

¶ 21    In construing the word "suffer," we find particularly instructive a treatise addressing its use in a special warranty deed where unpaid property taxes are at issue:

" 'Suffered' in this context doesn't mean 'tolerated.' It means 'caused to be placed.' Consider the case of a property owner not paying property taxes. Eventually, the state will assert a lien against the property for unpaid taxes. It would be incorrect to say that the grantor 'created' the lien; the state did. But the grantor 'suffered' it to be created by failing to pay. If, however, the present owner paid the taxes but the predecessor didn't, and that is why the lien arose, the owner has no implied obligation to cure it, or any other flaw in title the owner didn't create." 11 George Lefcoe, Thompson on Real Property § 94.07 (1994).

¶ 22    Under the plain meaning of the special warranty deed at issue, Aurora warranted that it did not do anything to cause the property to be encumbered. The scope of Aurora's special

warranty includes only encumbrances Aurora caused and does not include any preexisting encumbrances which remained against the property through the time of the conveyance to Waterside.

¶ 23    Here, plaintiff argues that, at the time of the conveyance to Waterside, the earlier tax sale encumbered the property and defendant, which chose the language of the special warranty deed, did not except the tax sale from the special warranty. Rather, defendant only excluded from the special warranty "taxes due and owing" and, therefore, defendant is liable for the 2007 tax sale encumbrance. We find this argument unpersuasive.

¶ 24    It is clear from the record that Aurora did not do anything to cause the encumbrance: the tax sale. The tax sale was caused because a prior owner did not pay the special assessment tax. Contrary to plaintiff's assertion, the *lis pendens* notice is not an encumbrance: it is a recorded notice that there exists a proceeding that may affect good title to the property and, if conveyed, the grantee may be adversely affected by that proceeding. *Knodle v. Jeffrey*, 189 Ill. App. 3d 877, 888 (1989). Nothing in the record suggests Aurora knew about the tax sale before it conveyed the property to Waterside. Even assuming Aurora knew of this tax delinquency and knew the non-payment would result in a tax sale, the special warranty limited Aurora's exposure to only those encumbrances Aurora created or that existed because of something Aurora did. A tax sale occurs only because there are unpaid taxes. Thus, the tax lien, not the tax sale, is the encumbrance. Aurora did not permit or allow the tax sale to occur. Aurora did not receive title to the property until 2008. The 2007 tax sale occurred prior to Aurora's ownership and, therefore, was not warranted against by Aurora in the special warranty deed.

¶ 25    Plaintiff argues that Aurora's failure to redeem the tax sale after it received notice of Salta's petition for a tax deed, and/or its failure to notify Waterside of the Salta's petition constituted a breach of the special warranty deed. First, we note that plaintiff failed to provide this court with relevant legal authority to support its contention that defendant had a duty to either redeem the property or inform plaintiff of the petition for the tax deed as required by Illinois Supreme Court Rule 341(h)(7) (eff. July 1, 2008). The failure to cite relevant authority to support a legal argument can result in its waiver. *Midfirst Bank*, 365 Ill. App. 3d at 650. Illinois Supreme Court Rule 341 is not a limitation on the court's jurisdiction, however, and we may consider the issue in the interest of finding a just result. *Kic v. Bianucci*, 2011 IL App (1st) 100622, ¶ 23. Acknowledging that there is a lack of precedent on the issue presented by plaintiff, we will address plaintiff's argument.

¶ 26    The circuit court rejected this argument, finding: (1) defendant did not breach the special warranty deed because at the time the warranty was made, defendant did not receive notice of the tax deed petition; (2) plaintiff failed to explain why the title examination did not discover the tax sale when performing its due diligence; and (3) case law from other jurisdictions has held that the conveyance of a property through a special warranty deed "puts the grantee on constructive notice of certain defects that may cloud title."

¶ 27    We affirm the circuit court's finding that plaintiff's allegation of breach arising from any action or inaction by Aurora after the conveyance is negated as a matter of law.

¶ 28    A covenant that land is free from encumbrances is a personal covenant not running with

the land. *Firebaugh v. Wittenberg*, 309 Ill. 536, 543 (1923). A covenant against encumbrances is breached at the moment it is made, when the deed is delivered. *Id.*; *Inland Real Estate Corp. v. Oak Park Trust & Savings Bank*, 127 Ill. App. 3d 535, 541 (1983). Therefore, any claim for breach of Aurora's warranty under its terms, must have existed at the time of the delivery of the deed. *Firebaugh v. Wittenberg*, 309 Ill. 536, 543 (1923). Plaintiff's argument for breach premised on any action or inaction after the conveyance cannot serve as a basis of breach of the special warranty deed. Aurora's covenant against encumbrances was made when the deed was delivered and the basis of any alleged breach of this warranty can only be supported by events occurring when it was warranted, not later in time. See *Firebaugh v. Wittenberg*, 309 Ill. 536, 543 (1923). Therefore, plaintiff's allegation that Aurora's failure to redeem or notify, its grantee after the delivery of the deed cannot constitute a breach of the special warranty as a matter of law and negates plaintiff's claim.

¶ 29    Furthermore, the recordation of the *lis pendens* by Salta served as notice to any future purchasers that a deed received after its recording might be affected by the tax sale. *Knodle v. Jeffrey*, 189 Ill. App. 3d 877, 888 (1989). Therefore, the recorded certificate of sale, issued on June 22, 2007, before Aurora purchased the property, put subsequent purchasers, including Waterside, on notice of Salta's interest in the property. *Id.* Plaintiff has failed to provide us with substantive argument and citation to relevant legal authorities to support its contention that defendant had a duty after the conveyance to take any action regarding the tax sale or petition for the tax deed.

¶ 30    In addition, section 21-345 of the Illinois Property Tax Code (Tax Code) governs the right to redeem a property from a tax sale (*In re Application of the County Treasurer & ex officio County Collector*, 394 Ill. App. 3d 111, 119 (2009)) and provides that the right to redeem a property from a tax sale exists "in any owner or person interested in that property." 35 ILCS 200/21-345 (West 2006). A stranger to the property, with no interest in the property, has no right to redeem when the property is sold for delinquent taxes. *In re Application of Du Page County Collector*, 98 Ill. App. 3d 950, 952 (1981).

¶ 31    On February 23, 2010, Aurora conveyed its interest in the subject property to Waterside. Pursuant to section 21-345 of the Tax Code, after the February 23 conveyance only Waterside, and not Aurora, could redeem the property from the tax sale. Because Aurora could not legally redeem the property after the conveyance to Waterside, plaintiff's claim that Aurora breached the special warranty deed in failing to redeem the tax sale after the conveyance to Waterside fails. Therefore, on this basis we find the circuit court properly dismissed with prejudice the complaint pursuant to section 2-619(a)(9).

¶ 32    Lastly, plaintiff argues that pursuant to the terms of the deed, defendant excepted from the special warranty deed, only the "taxes not yet due and payable" and, by implication, the unpaid taxes which resulted in the 2007 tax sale were covered by the special warranty. Defendant responds arguing that plaintiff failed to raise this argument in the circuit court and, therefore, it is waived for the purposes of appeal. Plaintiff asserts the argument was raised in its response to the motion to dismiss. The response in pertinent part states:

"The [d]efendant had a duty to redeem prior to conveying title to the Waterside.

Defendant did nothing to cause this encumbrance but if [*sic*] failed to remove the encumbrance. It warranted that there was no such encumbrance when it stated that the [*sic*] by the language in the conveyance and that it was subject only to taxes not yet due and payable."

Plaintiff in its response to the motion to dismiss did not argue that the unpaid taxes which caused the tax sale were within the "taxes not yet due and payable" exception. Rather, plaintiff's argument below was that defendant had warranted there was no prior encumbrance that was excepted from the conveyance. This a different argument than presented by plaintiff on appeal. Therefore, plaintiff's argument that the exception to the conveyance clause for taxes not yet due and payable is waived because it was not asserted in the circuit court and was made for the first time on appeal. *Johnson Press of America, Inc. v. Northern Insurance Co. of New York*, 339 Ill. App. 3d 864, 874 (2003). In addition, we note that plaintiff failed to provide us with relevant legal authority to support its argument, which is made in a conclusory fashion. " 'The appellate court is not a depository in which the appellant may dump the burden of argument and research.' " *In re Marriage of Petrik*, 2012 IL App (2d) 110495, ¶ 38 (quoting *Kic v. Bianucci*, 2011 IL App (1st) 100622, ¶ 23).

¶ 33    In any event, the argument is legally and logically untenable. First, the purpose of selling delinquent taxes is to obtain the tax due through the sale and distribute the sale proceeds to the relevant taxing bodies. When sold, the statutory tax lien shifts from the county to the tax purchaser. 35 ILCS 200/21-240 (West 2006). Effectively, the taxes have been paid, therefore, no taxes are due and owing for that tax period and an encumbrance in favor of the tax buyer remains until redeemed or until a tax deed issues. Second, property taxes are a prior and first lien against the property from January 1 in the year in which they are levied and the lien remains until the taxes are paid or sold. 35 ILCS 200/21-75 (West 2006). In Illinois, current year real estate taxes are billed and payable in the following year. By custom and practice, unless the parties agree otherwise, the land purchaser typically receives a credit at closing for unpaid prior years' taxes and the pro-rata share of current year estimated taxes through the date to closing. The exception for "taxes not yet due and payable" clearly applies to taxes levied during 2010 but not yet payable at the time of the conveyance from defendant to Waterside. The special assessment taxes that were sold at the 2007 tax sale took place because they were previously levied, due, payable and delinquent long before defendant conveyed the property to Waterside on February 23, 2010, and, therefore, were not within the special warranty deed exception.

¶ 34                                      CONCLUSION

¶ 35    For the foregoing reasons we affirm the circuit court's dismissal of plaintiff's complaint with prejudice.

¶ 36    Affirmed.